Sims v. Field, *Appellant.*

Fences: DIVISION FENCES: CONNECTING FENCES: REMOVAL: NOTICE REQUIRED. A fence not built upon the boundary line between adjoining proprietors is not a division fence within the meaning of the statute, (Wag. Stat., p. 633.) It may, therefore, be removed by its owner without giving the six months' notice required by the statute; but if he have given his neighbor leave to connect with it, he cannot remove it without giving reasonable notice so as to enable his neighbor to protect his premises. Explaining *Jeffries v. Burgin,* 57 Mo. 327.

*Appeal from Audrain Circuit Court.* — HON. G. PORTER, Judge.

REVERSED.

The following diagram represents the plaintiff's and defendant's lands and the fences in question in the case:

*a b* represents the dividing line between the lands of plaintiff and defendant; *c d e* represents defendant's fence; *f g* represents plaintiff's fence; *d g* represents the connecting fence.

*D. H. McIntyre* and *F. M. Brown* for appellant.

*Belch & Silver* for respondent.

HENRY, J.—Plaintiff and defendant were occupants of adjoining tracts of land, each claiming to own the land in his possession, and, for the present purpose, the latter fact may be conceded. The defendant's land was inclosed by a fence, the south line of which stood twenty feet north of the south line of his land. Plaintiff's fence was on or near the north line of his land, and was joined to defendant's by a short string of fence, running north from his own. This connection was made by agreement, it is alleged, between former owners. The defendant removed his fence

without giving six months' notice to plaintiff of his intention to do so, and the latter commenced this action to recover damages, which, he alleges, he sustained in consequence thereof. He had a judgment from which defendant has appealed.

The fence removed was not a division fence, under the statute, (Wag. Stat., 633,) and its provisions have no application to the case. *Jeffries v. Burgin*, 57 Mo. 327, so far from sustaining respondent's position, is an authority to the contrary. There is some ambiguity in the language of the learned judge who delivered the opinion in that case, and the syllabus is calculated to mislead, but on a careful perusal of the opinion it will be found that the court did not hold that a fence built by one on his own land, could become a division fence under the statute. The concluding sentence of that opinion is as follows: "Under the act of 1869, a fence built on the line separating adjoining proprietors, may become a permanent fixture, by complying with the terms of the statute, and could only be removed as provided in that act. But as that statute does not apply to fences not built on the boundary line, the plaintiff had no standing to maintain this suit." The license given in such a case by one to another to connect with his fence, is revocable, and one who without notice of the license, purchases the tract from him who gave it, is not bound by it. *Houx v. Seat*, 26 Mo. 179. A party who has consented to such connection cannot sever it by arbitrarily removing his fence without any previous notice to the occupant of the adjoining land, but must give him reasonable notice of his purpose, so that the other may protect his premises. In this case the court below proceeded upon the theory that defendant's was a statutory division fence, and instructed the jury that he could not remove it, until after six months' notice to the adjoining occupant. This was such an error as leads to a reversal of the judgment. It is, therefore, reversed and the cause remanded. All concur.