JAMES P. FULKERSON, Appellant, v. CHAPMAN DINKINS, Respondent.

Kansas City Court of Appeals, December 5, 1887.

REPLEVIN—SUITS BEFORE JUSTICES—CONSTRUCTION OF SECTION 2902, REVISED STATUTES, AS TO VERDICTS IN SUCH CASES.—The statute (sect. 2902, Rev. Stat.) provides (as to actions in replevin before justices), that "where the property has been delivered to the plaintiff, and the justice, or jury, shall find for the defendant, they shall find whether defendant had the right of property, or the right of possession only ; and if they find either in his favor, they shall also find the value of the property, or the value of the possession, and such damages for withholding such property as may be just and proper." *Held*, that verdicts rendered for defendants in cases of replevin should be in substantial compliance with the terms of the statute.

APPEAL from Johnson Circuit Court, HON. NOAH M. GIVAN, Judge.

*Reversed and remanded.*

The case is briefly stated in the opinion of the court.

SAMUEL P. SPARKS, for the appellant.

I. The defendant justified his right to restrain the cattle in controversy by virtue of the provisions of an act to restrain domestic animals from running at large (Sess. Laws, 1883, pp. 24, 26, 28), and the burden was upon him to prove its adoption, in the manner provided in the act, by the voters of Johnson county. Sess. Laws, 1883, pp. 26, 28. But the record of the county court failed to show that the notice of the submission to the voters was ever posted, or published, as required by the act, and as directed in the order of the court, without which there could be no valid submission or adoption of the act. Sess. Laws, 1883, *supra*, sect. 8. The act further required the clerk to give notice of the result of the election, by advertisement in a weekly newspaper, and fur-

ther posting up notices, in three public places, in each of the townships; none of which acts were done, according to the uncontradicted testimony in the case. Sess. Laws, 1883, *supra*, sect. 10. It follows that the act to restrain domestic animals from running at large (Sess. Acts, 1883) never was in force in Johnson county, because the law was not complied with in its submission to the voters.

II. The verdict was not responsive to the issues, and not such as the jury were required, under the law, to return. The verdict should have found the value of the property, or the interest of the defendant therein. *State ex rel. v. Dunn*, 60 Mo. 64; *White v. Van Houten*, 51 Mo. 577; Rev. Stat., sect. 3854; *Foster v. Robbins*, 20 Mo. App. Each party has a right to the verdict of the jury upon all the issues presented, and if it is not relevant to the issues, or erroneous, the court may set aside, but cannot change it. Wells on Replevin, sect. 741.

A. B. LOGAN, for the respondent.

I. Appellant, having consented to try his cause before a jury, upon one theory, cannot now urge another and different one in this court.

II. The verdict of the jury and the judgment of the court was responsive to the issues presented to them, by the consent of both parties. It determined every question in issue between the parties.

III. The judgment was for the right party, upon the issues submitted to the jury.

IV. The county court was the only tribunal having jurisdiction to determine whether the stock law had been adopted. It having so declared by its judgment of record, and issued its proclamation to that effect, it was conclusive and binding upon the parties to this cause, until reversed or set aside.

ELLISON, J.—This is an action of replevin, commenced before a justice of the peace. Plaintiff lost in

both lower courts, and brings the case here by appeal. The defendant claims a special interest and right of possession of the property under the stock law of 1883. Acts, 1883, p. 26. The property was taken from defendant, and by the officer delivered to plaintiff. The verdict was as follows: "We, the jury, find the issues for the defendant, and assess his damages at the sum of $12.50."

The statute of 1879 (sect. 2902) is, that "in all cases where the property has been delivered to the plaintiff, and the justice, or jury, shall find for the defendant, they shall find whether the defendant had the right of property, or the right of possession only, at the commencement of the suit; and if they find either in his favor, they shall also find the value of the property, or the value of the possession, and such damages for withholding said property as may be just and proper."

Verdicts rendered for defendants in cases of replevin should be in substantial compliance with the terms of that section. Wells on Replevin, sect. 741; *State ex rel. v. Dunn*, 60 Mo. 64. Finding the "issues" for the defendant is not finding whether he had the right of property, or the right of possession. Nor is it finding the value of the property, or the value of the possession. The only intelligible finding in the verdict is as to the amount of damages. But damages can only follow a violation of one or the other of the rights named in the section quoted. The value of the property, or of the possession, should likewise be found, so that a judgment such as is required by section 2903 may be rendered.

The judgment is, with the concurrence of the other judges, reversed and the cause remanded.