48 221
70 650

DAVID CLARKSON *et al.*, Plaintiffs in Error, v. JOSEPH JENKINS, Defendant in Error.

**St. Louis Court of Appeals, February 16, 1892.**

1. **Replevin**: FORM OF JUDGMENT ON APPEAL FROM A JUSTICE OF THE PEACE. If an appeal is taken to the circuit court from the judgment of a justice of the peace in an action of replevin, the judgment in the circuit court must conform to the rules of practice obtaining in actions of replevin instituted in that court, and need not comply with the statute prescribing the form of the judgment of the justice.

2. ——: FORM OF JUDGMENT IN THE CIRCUIT COURT: NON-PREJUDICIAL ERROR. If the judgment of the circuit court in an action of replevin is in favor of a defendant, from whom the property in controversy has been taken in the proceeding, the plaintiff is not prejudiced by, and is not entitled to complain of, its failure to give to the defendant the right to a return of the property.

*Error to the Reynolds Circuit Court.*

AFFIRMED.

*Charles D. Yancey*, for plaintiffs in error.

No brief for defendant in error.

BIGGS, J.—As there is no bill of exceptions in this case we can only examine the record proper.

The action is for the claim and delivery of personal property, and it originated before a justice of the peace. The property was taken from the defendant by the constable, and delivered to the plaintiffs. The plaintiffs had judgment before the justice, and the defendant appealed. The appeal was taken on the twenty-fifth day of April, 1891, which was the same day of the trial, and it was, under the law, returnable to the next regular term of the circuit court, which was begun and held on the fourth Monday in May following the appeal.

On the seventh day of the said May term of the court the case was called for trial. The plaintiffs failing to appear, and the defendant being in court and demanding a trial, the court proceeded to try the cause, a jury having been waived by the defendant. At the close of the evidence the court entered the following judgment: "Now again comes the defendant in this cause in person and by attorney, but the plaintiffs come not but make default; and the defendant announcing ready for trial, and waiving trial by jury, all the matters and things at issue are submitted to the court without the intervention of a jury, and the court, having heard the evidence adduced, and being fully advised of and concerning all the matters at issue between the parties, doth find for the defendant, and doth further find the value of the property sued for to be $130, and it is hereby ordered, adjudged and awarded by the court that said defendant, Joseph Jenkins, have judgment against the plaintiffs, Clarkson and Kinch, principals, and W. R. Johnson, surety on their replevin bond in this cause, in the sum of $130, and that he have and recover of and from said principals and surety his costs in this cause expended, and therefor have execution."

The plaintiffs' first contention is that, as the case originated before a justice of the peace, the judgment of the circuit court should have been in conformity to section 6189, Revised Statutes, 1889, which provides in proceedings in replevin before a justice of the peace that, if the plaintiff have the property and the justice or jury should find the issues for the defendant, they should also find whether the defendant had the right of property, or the right of possession only, at the commencement of the suit. The plaintiffs are wrong in this, because the statute provides, that in appeals from justices of the peace, the appellate court shall be governed by the practice in such court, except that by agreement of parties the case may be tried by a jury of six men. R. S. 1889, sec. 6348.

Our decision is not in conflict with the decision of the Kansas City Court of Appeals in the case of *Fulkerson v. Dinkins*, 28 Mo. App. 160. In that case the record showed that the defendant only claimed a special interest in the property under the provisions of the stock law. Session Acts, 1883, p. 26. Such claim only gave to him the right of possession coupled with an interest, and the court we think rightly held that the value of such possession or special interest should have been ascertained. In the case we have here there is nothing in the record to show that the defendant claimed only a special interest in the property in dispute. The judgment was for its full value, which could only have been upon proof that the defendant was the true owner. The presumption is that the evidence was sufficient to authorize the judgment. We do not wish to be understood as giving our assent to the question of practice decided in *Fulkerson v. Dinkins, supra.* We are of the opinion that all replevin suits tried in the circuit court must be governed by the practice act relating to such courts. Under the decisions of the supreme court since the case of *Dilworth v. McKelvey*, 30 Mo. 149, it would be perfectly competent for the circuit court in the trial of a replevin suit, regardless of where such suit originated, to submit to the jury under section 7489, Revised Statutes, 1889, any particular issue or issues which might have been tried before a justice of the peace.

The other objection to the judgment is that it does not comply with the statute ( R. S. 1889, sec. 7490 ), in that the judgment fails to give the defendant the right to the return of the property. In this respect the judgment is nominally irregular, but we cannot conceive how this prejudiced the rights of the plaintiffs, or upon what ground they could base a complaint on account of the omission. The defendant is satisfied with the judgment as entered, and this ought to satisfy the law. The judgment will be affirmed. All the judges concur.