L. M. STROUD, Appellant, v. ANDREW MORTON, Respondent.

Kansas City Court of Appeals, May 3, 1897.

1. **Replevin:** JUSTICES' COURTS: TRIAL PRACTICE: FORMER VERDICT. Section 6189, Revised Statutes 1889, requiring the justice or jury to find whether the defendant has the right of property or the right of possession only applies to practice in the justice's court and not to the trial on appeal in the circuit court which is governed by the practice in such courts.

2. ———: VERDICT: VALUE OF PROPERTY: JUDGMENT. The fact that the jury in their verdict finding for the defendant in replevin, where the property is in plaintiff's possession, failed to assess the value of the property as the statute directs, will not vitiate the verdict and the court may render a judgment for the return of the property to the defendant.

*Appeal from the Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Hoss & Scott* for appellant.

Appellant contends that the verdict is not sufficient to support the judgment, for three reasons: *First,*

because the verdict does not describe nor refer to in any manner the property as set forth in the judgment. *Second*, the jury did not find the value of the property. *Third*, the verdict does not state whether the defendant has the right of property or the right of possession only. And for these reasons the cause should be reversed and remanded. It has been repeatedly held in this state that verdicts of this form will not support any sort of a judgment in this state. This proposition is so well settled that it is not susceptible of argument. 2 R. S. 1889, secs. 6189, 7489; *Fulkerson v. Dinkins*, 28 Mo. App. 160; *Clinton v. Storoll*, 45 Mo. App. 642; *Robbins v. Foster*, 20 Mo. App. 519.

*W. M. Bowker* for respondent.

(1) The verdict in this case is sufficient to support the judgment and was the only verdict and judgment that could be entered on the pleadings. *Puller v. Thomas*, 36 Mo. App. 105; *Stone v. McNeally*, 59 Mo. App. 396. (2) On an appeal in a replevin suit from a justice to the circuit court the judgment must conform to rules governing circuit court in actions of replevin. *Clarkson v. Jenkins*, 48 Mo. App. 221; R. S. 1889, sec. 6348. (3) The fact that a verdict or a judgment in a replevin suit gives the successful party simply a return of the property or a money judgment for the value when he might have both, is not an error of which the losing party can complain. The successful party can waive his right. *Garth v. Caldwell*, 72 Mo. 622; *White v. Graves*, 68 Mo. 218; *Clarkson v. Jenkins*, 48 Mo. App. 221; *Dillard v. McClure*, 64 Mo. App. 488; R. S. 1889, sec. 2303. A general finding is sufficient where there are no special issues to determine and it is not necessary to describe the property in controversy in the verdict. *Garth v. Caldwell, supra.*

Stroud v. Morton.

GILL, J.—This is an action in replevin, instituted before a justice of the peace, and involves the ownership and right to possession of eight hundred bushels of corn. Under the writ the corn was STATEMENT. taken from defendant and given over to plaintiff who held the same at the trial. Defendant was successful in the justice's court and also in the circuit court to which the plaintiff appealed. The sole question here is, whether the cause should be reversed and remanded because of the form of the verdict and judgment. The verdict in the circuit court was as follows:

"We the jury find the issues for the defendant.

"JOHN WHITE, Foreman."

The judgment then follows: "And the said defendant electing to take the property in controversy, and having waived his right to have the value thereof assessed, it is therefore ordered, adjudged, and decreed that the said defendant have and recover of and from the plaintiff the possession of the property described in said plaintiff's petition and affidavit, and taken from the defendant under writ of replevin issued in said cause and turned over to plaintiff, to wit: Eight hundred bushels of corn, that was situated on what was known as the L. M. Stroud farm, about two miles southeast of the city of Nevada, Vernon county, Missouri.

"And it is hereby ordered, decreed and adjudged, that said plaintiff deliver and return to the said Andrew Morton, defendant, said eight hundred bushels of corn taken from him as aforesaid by plaintiff, and that said plaintiff make restitution hereof, and that said defendant have and recover his costs, and that execution issue therefor."

Objection is made to the verdict, because it fails

to fix the value of the property, and because it fails to state whether defendant has the right of property or the right of possession only.

The latter objection can have no place here, since section 6189, which requires the justice or jury trying the case "to find whether the defendant had the right of property or right of possession only," applies to the practice in justice's court only and not to trial of such cases when taken by appeal to the circuit court. Sec. 6348, R. S. 1889. It is there provided, that "the trial in the appellate court" (that is, the circuit court) "shall be governed by the practice in such court, except that by agreement of parties the case may be tried by a jury of six men." *Clarkson v. Jenkins*, 48 Mo. App. 221. This exact question does not seem to have been raised in *Fulkerson v. Dinkins*, 28 Mo. App. 160.

REPLEVIN: justices' courts: trial practice: former verdict.

Under the act governing practice in the circuit court, section 7489, revision of 1889, if the plaintiff fail in his action, as here, and have the property in his possession, and the defendant in his answer claims the same and demands the return thereof, the court or jury trying the case may assess the value of the property taken together with the damages for the taking and detention. Judgment then should follow against the plaintiff and his sureties, that he (the plaintiff) return to the defendant the property, or at the election of defendant pay the assessed value thereof. Sec. 7490. In the case at bar the jury failed to assess the value of the property, or to fix any damages for the taking and detention, but only made a finding for the defendant on the issue of whether the property and possession thereof belonged to plaintiff or defendant. This of course did not fully comply with the terms of the statute; the jury should have gone further and stated in the verdict the value

——: verdict: value of property: judgment.

of the corn, so that defendant might exercise his election either to take the property in kind or get from plaintiff such assessed value. But this omission did plaintiff no harm; it was a matter that defendant alone had cause to complain of. It was in an error in no wise prejudicial to the plaintiff and hence does not justify a reversal of the judgment. Section 2303, Revised Statutes 1889. The judgment in ordering the property to be returned to the defendant was entirely proper, and is, too, supported by the verdict. It was indeed the only judgment that could have been rendered on the verdict. *Puller v. Thomas*, 36 Mo. App. 105; *Garth v. Caldwell*, 72 Mo. 622, 628; *White v. Graves*, 68 Mo. 218–222; *Dillard v. McClure*, 64 Mo. App. 488.

Judgment affirmed. All concur.