MARVIN WALKER, Appellant, v. WILLIAM ROB-
ERTSON, Respondent.

Kansas City Court of Appeals, June 20, 1904.

1. **APPELLATE PRACTICE: Invited Error: Instruction.** An
appellant can not complain of an error in respondent's in-
structions which he has invited in his own.

2. **FENCES AND ENCLOSURES: Partition Fence: Maintenance:
Damages.** A part owner of a partition fence can not dis-
train the cattle of the other part owner escaping onto his prem-
ises through his own part of the fence by reason of his failure
to maintain the same.

3. **REPLEVIN: Partition Fence: Evidence: Jury.** On the evi-
dence the case is held one for the jury on the question of
whether the animal escaped through his owner's part of the
partition fence or the part of the other part owner.

4. ———: **Judgment: Statutes: Costs.** Where the only ques-
tion in a replevin suit is narrowed down to that of costs it is
immaterial that the judgment fails to comply in full with the
statutes.

Appeal from Worth Circuit Court.—*Hon. Gallatin
Craig,* Judge.

AFFIRMED.

*Hudson & Dubois* for plaintiff.

(1) The court erred in giving instruction 1 on the
part of the defendant, submitting to the jury the ques-
tion of ownership of the property in controversy when
it is admitted by the record that plaintiff was and is the
owner of same. State ex rel. v. Henderson, 86 Mo. App.
482; Marr v. Bunker, 92 Mo. App. 661; R. S. 1899, sec.
1575; Goldsmith v. Taussig, 60 Mo. App. 463; Cole v.
Railroad, 21 Mo. App. 443. (2) The jury arbitrarily
found for the defendant against the law and the evi-

dence. Hartt v. Leavenworth, 11 Mo. 630; Moore v. Hutchinson, 69 Mo. 429; Robbins v. Phillips, 68 Mo. 100; Whitsett v. Ransom, 79 Mo. 258; Garrett v. Greenwell, 92 Mo. 125; Meier v. Proctor & Gamble, 81 Mo. App. 410. (3) The verdict is not responsive to the issues raised in the case. Kenney v. Railroad, 79 Mo. App. 209; Fulkerson v. Dinkins, 28 Mo. App. 160; Cole v. Armour, 154 Mo. 333. (4) The judgment is fatally defective in making no disposition of the property in controversy. 2 McQuillin's Pl. and Pr., sec. 1961; Nichols v. Lead & Zinc Co., 85 Mo. App. 584; Clinton v. Stovall, 45 Mo. App. 642; R. S. 1899, sec. 1552; Hecht v. Heiman, 81 Mo. App. 370.

*A. W. Kelso* and *Schooler & Lingenfelter* for respondent.

(1) It is a fundamental principle of law that a party can not in an appellate court take advantage of his own act in the trial court for the purpose of reversal, that is, he can not proceed upon one theory in the trial court and upon an appeal be heard to say that because the court permitted him so to do the cause should be reversed. Hall v. Goodnight, 138 Mo. 576; Hayes v. Bunch, 91 Mo. App. 467; Bensieck v. Cook, 110 Mo. 173; Guntley v. Stead, 77 Mo. App. 155; Baker v. Railroad, 122 Mo. 533; Christian v. Ins. Co., 143 Mo. 460; Water Co. v. Neosho, 136 Mo. 508; Berkson v. Railway, 144 Mo. 211. Any other course would invite insincerity by lawyers and litigants, and while the course taken by them in the trial may really have been inconsistent with the pleadings, yet they must pursue it. Hill v. Drug Co., 140 Mo. 433; Pope v. Ramsey, 78 Mo. App. 157; State to the use of O'Neil, 151 Mo. 67; State ex rel. v. Henderson, 86 Mo. App. 482. (2) The following authorities clearly justify us. Schawacker v. McLaughlin, 139 Mo. 333; Hirsch v. Grand Lodge O. B. A., 78 Mo. App. 358; Gannon v. Light Co., 145 Mo. 502; Drug

Co. v. Self, 77 Mo. App. 284; Clark v. Shrimske, 77 Mo. App. 166; Harris & Co. v. Fowler, 71 Mo. App. 488.

SMITH, P. J.—This is a replevin suit brought before a justice of the peace by plaintiff against defendant to recover the possession of a bull. In the circuit court the verdict of the jury was to the effect that, "we the jury find for defendant." The judgment was, "that plaintiff take nothing by his suit and defendant go hence without day and have and recover of plaintiff his costs in this behalf laid out and expended." From this judgment the plaintiff appealed here, where he complains that the court erred in giving the defendant's instruction number one which told the jury that it devolved upon plaintiff to prove that he was the owner and entitled to the possession of the bull, and that the same was wrongfully taken and detained, or wrongfully detained by defendant at the time of the commencement of the suit, and that unless such facts were established by a preponderance of the evidence the verdict should be for defendant. The specific grounds of plaintiff's objection to this instruction are: (1) It submitted to the jury the issue whether or not plaintiff was the owner of the bull when this fact stood admitted by the record; and (2) it further submitted the issue whether or not the plaintiff was entitled to the possession of the bull when defendant at the trial claimed no right to hold the animal.

The plaintiff by an instruction of a like number requested by him and given by the court, told the jury that if it found from the evidence that plaintiff was the owner of the bull and that defendant had made a low place in the partition fence between plaintiff's and defendant's premises, and that said bull escaped from the plaintiff's premises on to the defendant's premises through said low place, and that thereupon the defendant took possession of said bull, enclosing him in a lot, and that if plaintiff, by his agent, asked defendant for

said bull, and defendant refused to let plaintiff's agent take said bull, that then such detention was thereafter wrongful, etc. As the latter submitted in substance the identical issues submitted by the former, the plaintiff is in no position to complain of the action of the court. If the giving of the former was error, it was not only common but invited by the plaintiff. Such former does not submit the issue of demand, though such latter does.

The plaintiff further objects that the verdict of the jury on the conceded facts of the case was for the wrong party. The evidence is conflicting as to whether the plaintiff's bull escaped through the fence between the land of the plaintiff and that of the defendant at a point in that part of it which the former was bound to maintain and had not maintained, or whether the animal had escaped through this fence at a low place made therein by the defendant. If he escaped through the fence on account of the failure of plaintiff to maintain it, then defendant had the right at common law to distrain him, but if he escaped through a low place made in the fence by defendant then the latter had no right to distrain. Jones v. Habberman, 94 Mo. App. 1, and cases there cited. It may have been that the jury did not believe from the evidence that the bull escaped through a low place in the fence made by the defendant, and if so it could not under plaintiff's instruction find for him.

While it is true that the defendant in testifying at the trial disclaimed any claim of ownership or to the possession or damages or other interest beyond perhaps that of one dollar impoundage, he claimed the right to impound the bull to prevent him from injuring his cattle and from running at large on his premises. If the bull escaped through the plaintiff's part of this division fence on account of plaintiff's failure to maintain it, then the defendant had the right to impound. The case was one for the jury and we can not say that

its verdict is inconsistent with defendant's admissions, or resulted from bias, mistake or prejudice.

As suggested, the jury failed to assess the value of the property or to fix any damages for the taking and detention but made a finding for defendant on the issue of whether the plaintiff or defendant was entitled to the property and the possession thereof. This did not fully comply with the terms of the statute, Revised Statutes, section 4473. But as the defendant did not claim the property or any damages for the detention thereof, this omission was not error prejudicial to plaintiff. Stroud v. Morton, 70 Mo. App. 647; Clarkson v. Jenkins, 48 Mo. App. l. c. 223. The constable under the writ delivered the possession of the bull to the plaintiff who was still in possession at the time of the trial and verdict. And since, as already stated, the defendant disclaimed any title or right to the possession or damages for the detention, the only matter in controversy in the case is narrowed down to that of costs, which, on the verdict, was properly adjudged against the plaintiff.

The judgment will accordingly be affirmed. All concur.