## CYRUS McLEAN, Appellant, v. MRS. ANNIE BERKABILE, Respondent.

### Kansas City Court of Appeals, March 4, 1907.

1. **FENCES AND INCLOSURES: Common Law: Missouri Doctrine: Adjoining Proprietors.** At common law every man was required to keep his cattle on his own land and was liable in trespass for damages inflicted by their straying; former decisions of the courts held such rule not applicable in this country, but this latter rule does not apply to the lands of adjoining proprietors inclosed by continuous outside fences.

2. ————: ————: ————: ————: **Statute.** Where no division fence has been established between such proprietors by the provision of the statute or by agreement of the parties, the common law rule prevails, and each proprietor is liable to his neighbor for damages inflicted by his escaping cattle.

3. ————: ————: ————: ————: ————. Either proprietor may compel the establishment and maintenance of a lawful fence between them under the provisions of the statute, or the proprietors may do voluntarily by agreement what the law will compel them to do; but such fence in either event must be along the line between the parties.

4. ————: ————: ————: ————: **Agreement.** However, the proprietors may agree that each shall maintain one-half of the fence entirely on his own land connecting the two portions at a point on the boundary line; and a fence built in pursuance thereof would serve to inclose both farms, and the failure to perform the contractual duty would give either a cause of action; and the injured party could restrain the trespassing animals as provided by common law.

5. **REPLEVIN: Justices' Courts: Affirmative Relief: Damage Feasant: General Verdict.** In an action in replevin in a justices' court a defendant failed to file an answer. *Held*, he was

not entitled to affirmative relief, and the issue to be tried was the wrongful detention of the property by the defendant and a lien on the replevined cattle for damage feasant would show a rightful detention and defeat the plaintiff's action, and a general verdict would be sufficient but would only carry the cost.

Appeal from Boone Circuit Court.—*Hon. Alexander H. Waller*, Judge.

AFFIRMED.

*Webster Gordon* for appellant.

Since respondent did not set up or claim any special or general property in the steers in controversy and appellant at the trial was conceded to be the owner thereof and entitled to the possession of same, the trial court erred in refusing to give appellant's peremptory instruction to the jury to find that the plaintiff was the owner of and entitled to the possession of the steers and to one cent damages for the taking and detention thereof. Leete v. Bank, 141 Mo. 586; Turner v. Langdon, 85 Mo. 441; Cotton v. Huston, 110 Mo. App. 70; Stonebraker v. Ford, 81 Mo. 532; Westbay v. Milligan, 89 Mo. App. 294; Scott v. Riley, 49 Mo. App. 253; Gray v. Parker, 38 Mo. 160. (2) As defendant did not recover either of the two steers involved in this case and was not found to have any special property therein on any account, she was not entitled to recover her cost, and the judgment herein for cost in favor of defendant is erroneous on its face. Hecht v. Heimann, 81 Mo. App. 370; R. S. 1899, sec. 1552, 4474; Mohr v. Langan, 162 Mo. 490. (3) The verdict of the jury is erroneous on its face as the finding for the defendant is not a finding of the right of property or the right of possession nor is it a finding of the value of the property or the value of the possession as required by our statutes and reported cases. R. S. 1899, sec. 4473; Dixon v. Atkinson, 86 Mo. App. 24; Hopper v. Hopper, 84 Mo. App. 117; Fulkerson v.

Dinkins, 28 Mo. App. 160; Clarkson v. Jenkins, 48 Mo. App. 221; Fowler v. Carr, 55 Mo. App. 145; Young v. Glasscock, 79 Mo. 574. (4) Our statutes as well as the common law in force in this State, require each individual owner of fields and inclosures to inclose them with a lawful fence, whether same is built solely on the owner's land or on the division line between them, and adjoining owners of land, the obligation to fence fields and inclosures and keep the same in repair is just the same. Demetz v. Benton, 35 Mo. App. 559; R. S. 1899, sec. 3294; 12 Am. and Eng. Enc. Law (2 Ed.), p. 1041, note 1043; Gorman v. Railway, 26 Mo. 445; McPheeters v. Railway, 45 Mo. 25; Bradford v. Floyd, 80 Mo. 211; Canefox v. Crenshaw, 24 Mo. 202.

*Gillespy & Conley* for respondent.

(1) The authorities cited by plaintiff under his first point decide nothing pertinent to the issues in this case. (2) All through the case the court ruled that under the pleadings defendant was not entitled to any affirmative relief but that under her answer she could set up any matter which tended to defeat plaintiff's case and if successful in this, was entitled to her costs. R. S. 1899, sec. 3852; Lewis v. Baker, 24 Mo. App. 682. (3) The action of replevin corresponds to the common law actions of replevin and detinue. There must have been either a wrongful taking and detention or a wrongful detention. Hecht v. Heineman, 81 Mo. App. 373; Feder v. Abrahams, 28 Mo. App. 454; Skinner v. Stouse, 4 Mo. 93. (4) The issue here is *non detinet* and all that the defendant was entitled to recover was her costs. Walker v. Robertson, 107 Mo. App. 571; Stout v. Fultz, 93 S. W. 919. (5) Instruction numbered 3, complained of by appellant, was given by the court of its own motion and far from being erroneous, more nearly declared the whole law of the case than any other instruction. Growney v. Railroad, 102 Mo. App. 442; O'Riley

v. Diss, 41 Mo. App. 184; Gillispie v. Hendren, 98 Mo. App. 622; Jackson v. Fuller, 187 Mo. App. 228; Hughes v. Railroad, 66 Mo. 325; Turner v. Thomas, 71 Mo. 596. (6)    Instruction numbered 1, given on behalf of defendant, is a correct statement of the law of what is a division fence. Division fences are dividing fences, separating the lands of adjoining properties, and must be on the boundary line between them. Jefferies v. Burgin, 57 Mo. 327; Sims v. Field, 74 Mo. 39.

JOHNSON, J.—This is a replevin action begun before a justice of the peace to recover the possession of two steers. The trial in the circuit court where the cause was taken on appeal resulted in a judgment for defendant from which plaintiff appealed to this court.

Plaintiff and defendant own adjoining farms which are inclosed by continuous outside fences. A fence running east and west separates the farms, but the location thereof with reference to the boundary line is a subject of dispute between the parties. The east half of the fence is owned and maintained by defendant, the west half by plaintiff. The steers which belong to plaintiff and were being kept by him in his pasture entered the land of defendant through the east half of the fence at a place where the same had been suffered by her to remain in a condition of ill repair. In their progress over defendant's land the animals jumped over inside fences and finally reached a garden where they inflicted some damage. Defendant succeeded in driving them thence into an outbuilding where she confined them. She sent plaintiff a message informing him of the occurrence and expressing her belief that the steers belonged to him. A son of plaintiff went to defendant's place and found that defendant's surmise was correct. On that occasion defendant told him he could remove the steers that day without the payment to her of compensation for her expense and trouble and, on his statement that it would be inconvenient for him to remove

them before the following morning, it was agreed if he came for them early in the morning no charge would be made by defendant. Late next morning plaintiff went to defendant's place in person and conducted himself in a manner so uncivil and peremptory that, taking offense, defendant refused to surrender the steers on his demand except on condition that he reimburse her, basing her refusal on the ground that plaintiff had not come early in the morning as agreed and thereby she had been subjected to additional expense and trouble in feeding and watering the animals that morning. Plaintiff, further angered at this position of defendant, returned home and that evening went to town and brought this suit. He obtained possession of the property under the writ issued and retained it.

The evidence of plaintiff tends to show that the fence had been built on the boundary line under an agreement between him and defendant's husband, who had died before the occurrence in question, which agreement provided that each party should build and maintain one-half of the fence at his own expense and that the structure should constitute a division fence. Defendant denied all this and her evidence is to the effect that no agreement was made for the building of a division fence and that the fence in controversy was built entirely on her land as one of the interior partitions thereon. Further, she maintains that it was in good condition to turn ordinary cattle and that the invasion of her land was due to the vice of these particular steers, but in this she is not supported by any substantial evidence. The proof shows, beyond contradiction, that the animals passed under the fence where it spanned a ravine, to which they had access from plaintiff's pasture and through which they could reach the other side of the fence without encountering any obstruction.

The common law of England required every man, at his peril, to keep his cattle on his own land and, if they

escaped and strayed to the land of another, the owner was liable in trespass for the damages inflicted. In this State at a time in its early history when there was much unoccupied and uninclosed land, this rule was deemed by the Supreme Court to be unsuited to the needs of a sparsely settled country and in its construction of legislation relating to the subject the court held that domestic animals should be allowed to range at will over uninclosed lands and compelled the owners of cultivated fields to fence against such animals if they would escape their depredations. [Gorman v. Railroad, 26 Mo. l. c. 445; McPheeters v. Railroad, 45 Mo. l. c. 25; Bradford v. Floyd, 80 Mo. l. c. 211; Canefox v. Crenshaw, 24 Mo. l. c. 202.] But this exception to the common law rule does not apply to the lands of adjoining proprietors that are enclosed by continuous outside fences.

In such cases, where no division fence has been established between the farms, either under the provisions of chapter 28, Revised Statutes 1899, or by the agreement of the parties, the common law rule prevails and each proprietor is required to confine his domestic animals to his own land and is liable to his neighbor for any damages sustained from their escape to the land of the latter. [O'Riley v. Diss, 41 Mo. App. 184; Growney v. Railroad, 102 Mo. App. 442; Gillespie v. Hendren, 98 Mo. App. 622; Jackson v. Fulton, 87 Mo. App. 228.]

Under the statute, chapter 28, Revised Statutes 1899, either proprietor may compel the establishment and maintenance of a lawful fence and provision is made for the division of such fence between the parties for the purpose of repairs and it has been held that a division fence may be brought under the terms of the statute by the agreement of the parties on the obviously correct principle that a proprietor may do by voluntary agreement that which his neighbor may compel him to do by law. [Mackler v. Cramer, 32 Mo. App. 542.] But to constitute a division fence within the purview of the

statute, whether or not such fence be the subject of a contract between the parties, it must be located along the boundary line (Sims v. Field, 74 Mo. 139), and must conform to the specifications prescribed in the statute. [Secs. 3294, 3295.]

The parties by their agreement may provide for a division fence between them which does not fall within the operation of the statute. In such case, the rights of the parties are to be controlled by the terms of the contract. Thus they may agree that each shall build and maintain one-half of the fence entirely on his own land, the two portions to be connected at a given point on the boundary line to form an unbroken fence and that each may treat the half built by the other as a part of his enclosure. A fence built under an agreement of this character, though not a statutory fence, would serve to enclose both farms and each proprietor would be entitled to treat the entire fence as a constitutive part of his enclosure and to look to his neighbor for the maintenance of that portion thereof which the agreement required him to keep in reasonable repair. The failure of either to perform this contractual duty would give to the other a cause of action for the damages sustained by the latter in consequence of the breach of contract by the former and the injured party could distrain the trespassing animals as provided in the common law. [Jones v. Habberman, 94 Mo. App. 1; Walker v. Robertson, 107 Mo. App. 571.] This view of the law was properly expressed in the instructions given the jury and the issues of fact thus submitted were resolved in favor of defendant. We find no error in this branch of the case.

The instructions did not authorize the assessment of any damages in defendant's favor, but directed a general verdict should the jury find for her, and the judgment entered on the verdict returned is that defendant "go hence without day" and recover her costs from plaintiff and the sureties on his appeal bond. We do not

agree with plaintiff that this form of verdict and judgment in a replevin action involves prejudicial error. As defendant filed no answer (the action being brought in a justice's court), the learned trial judge rightly held throughout the trial that she could interpose any defense to the cause of action asserted, but could not obtain affirmative relief without pleading the facts that would entitle her to a recovery. At the time of trial plaintiff had possession of the cattle and it was conceded that they belonged to him. But one of the facts elemental to his cause of action, which he was required to plead and prove and which therefore was in issue was that the property was wrongfully detained by defendant. Under the facts as found by the jury plaintiff failed to sustain that issue. When the suit was brought, defendant had a lien on the property for the amount of her expense and the value of her services in feeding and caring for the animals while she had them restrained. The existence of the lien gave her the right to hold possession of the cattle until she was reimbursed and therefore she was not wrongfully detaining them. The fact that she did not assert her lien in this action did not alter the rights of the parties which obtained at the time of the bringing of the suit and the caption of the property under the writ of replevin. Her failure to claim a special interest in the property based on her lien had no other effect than to narrow the controversy to the single issue mentioned.

In such state of case, the judgment for defendant amounts to nothing more than one for costs. It cannot be construed as conferring any right on her to the possession of the property or to recover its value on the replevin bond for the reason that it does not adjudge the facts on which rights of this character may be predicated. [Sec. 4473, R. S. 1899.] This being true, plaintiff cannot be said to be injured by the form of the verdict and judgment and, if it may be said that they do

not fully comply with the terms of the statute, the error is harmless. [Walker v. Robertson, 107 Mo. App. 571; Stroud v. Morton, 70 Mo. App. 647; Clarkson v. Jenkins, 48 Mo. App. 221.]

A careful examination of the record discloses that the case was fairly tried and we do not deem it necessary to discuss the other points raised by plaintiff. The judgment is affirmed. All concur.