EUGENE McCLOSKEY, Respondent, v. UNITED RAILWAYS COMPANY of St. Louis, Appellant.

St. Louis Court of Appeals. Argued and Submitted December 7, 1911. Opinion Filed January 9, 1912.

1. STREET RAILWAYS: Rights in Streets: Rights of Vehicles. While neither a street car nor any other vehicle has exclusive rights in the public streets, and while other vehicles must not unduly obstruct cars on the tracks, yet, where a vehicle cannot turn out because of obstructions in the street, a street car following such vehicle must be operated at such speed as will not endanger the latter.

2. ————: Person Driving in Track: Duty of Motorman. A motorman, who operates a street car following a vehicle on the track in a street which is so obstructed so as to render it

almost impossible for the vehicle to turn out, and who knows that because of the conditions of the traffic the vehicle is liable to come to a sudden stop, must keep his car under complete control, so that it can be stopped instantly, and the failure to so control it is actionable negligence.

3. ————: Injury to Person Driving in Track: Negligence: Sufficiency of Evidence. In an action for injuries sustained in a collision between a street car and a buggy in which plaintiff was riding, it was shown that the street was obstructed on both sides, so as to render it almost impossible for the vehicle to turn out of the track, and that upon its being suddenly stopped, it was struck by a street car which had been following it, and that the car ran quite a distance beyond the point of collision. *Held*, there was evidence that the motorman failed to keep the car under complete control, as it was his duty to do, and the case, therefore, was one for the jury.

4. APPELLATE PRACTICE: Invited Error: Instructions: Street Railways. In an action against a street railway company for injuries received by plaintiff, while riding in a buggy, by reason of the buggy, which had been traveling in the track, being struck by a car which approached from the rear, the court, on the request of defendant, charged that if the buggy stopped on the track immediately in front of the car, so as to make it impossible for the motorman to prevent a collision, the verdict must be for defendant, and, at the instance of plaintiff, charged that if the collision occurred by neglecting to stop or check the speed of the car within the shortest time and space possible after the motorman saw the dangerous situation of the buggy, the verdict should be for plaintiff. *Held*, that defendant could not be heard to complain of plaintiff's instruction, on the ground that it was not justified by the evidence, since it was practically the converse of the instruction given on its request.

5. ————: Review: Invited Error: Instructions.· A party will not be heard to complain of an error which he invites or adopts, and where a party has requested similar instructions to those given, he is in no position to complain of the latter.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*G. T. Priest* for appellant; *Boyle & Priest* of counsel.

(1) The court erred in overruling defendant's demurrer to the evidence. The evidence shows conclusively that the proximate cause of the collision between the car and the buggy was one that was completely without the control of defendant, and for which it was not responsible. O'Gara v. Transit Co., 204 Mo. 734; Bailey v. Railroad, 152 Mo. 449; Foley v. McMahon, 114 Mo. App. 444; Haley v. Railroad, 179 Mo. 35; Feddeck v. Car Co., 125 Mo. App. 31; Saxon v. Railroad, 98 Mo. App. 494. (2) The court erred in giving instruction number one on behalf of plaintiff. Said instruction submits to the jury the question of the motorman's failure to stop his car after he saw or by the exercise of ordinary care could have seen the buggy stopped on the tracks, when there is no evidence to support such an issue. Dey v. Railway Co., 140 App. 461; Paul v. Railway Co., 152 Mo. App. 577.

*Holmes, Blair & Koerner* and *Rodgers & Koerner* for respondent.

(1) Defendant's demurrer to the evidence was properly overruled. The evidence shows conclusively that defendant's motorman was negligent. Mfg. Co. v. Railways Co., Decided Dec. 5, 1911; Latson v. Transit Co., 192 Mo. 449; Shafstette v. Railroad, 175 Mo. 142; Storage Co. v. Transit Co., 120 Mo. App. 410; Noll v. Transit Co, 100 Mo. App. 367; Conrad Co. v. Railroad, 89 Mo. App. 396. Such negligence was the proximate cause of plaintiff's injury. Mfg. Co. v. Railways Co., supra; Zalotuchin v. Railway, 127 Mo. App. 577-584; Boyce v. Railroad, 120 Mo. App. 168; Parker v. Transit Co., 108 Mo. App. 465-468; Brash v. St. Louis, 161 Mo. 433; Feddeck v. Car Co., 125 Mo. App. 1. c. 31; Hodges v. Railway, 135 Mo. App. 683; Whittaker's Smith on

Negligence (2 Ed.), p. 26; Railroad v. Webb, 116 Ga. 152; 59 L. R. A. 109. (2) There is no error in instruction number one given on plaintiff's behalf. There is ample evidence in support of the issue submitted by this instruction. Latson v. Transit Co., 192 Mo. 449; Cross v. Transit Co., 120 Mo. App. 458; Rodgers v. Transit Co., 117 Mo. App. 678. Furthermore, if this instruction be erroneouss, the error is harmless, inasmuch as the evidence conclusively shows that plaintiff's injury was caused by defendant's negligence and no other finding by the jury would have been warranted. (3) Appellant is in no position to complain of this instruction, even though it be erroneous. Instruction number three asked and given at the request of defendant, is the converse of this instruction, and any error, if error there be, is common to both. Lange v. Railroad, 208 Mo. 478; Phelps v. Salisbury, 161 Mo. 14; Johnson-Brinkman Co. v. Bank, 116 Mo. 569; Whitman v. Sup. Lodge, 100 Mo. 47; Smith v. Burrus, 106 Mo. 99; Thorpe v. Railroad, 89 Mo. 666; Davis v. Brown, 67 Mo. 313; Crutchfield v. Railroad, 64 Mo. 255; Bloom Collier Co. v. Martin, 98 Mo. App. 596; Fall v. Chapman, 66 Mo. App. 581; Lewis v. Humphries, 64 Mo. App. 466; Walker v. Robertson, 107 Mo. App. 571; Hewitt v. Price, 99 Mo. App. 666.

REYNOLDS, P. J.—The facts attendant upon the accident in this case are practically identical with those in the case of St. Louis Carbonating & Manufacturing Company v. United Railways Company of St. Louis, in which the opinion of this court was filed December 5, 1911. [See 162 Mo. App. 18, 142 S. W. 737.] The plaintiff in that case, owner of the horse and buggy, brought its action, for damages to them. In the case at bar plaintiff was riding in that buggy with his father, who was driving when that accident occurred, and this action is for damages for injuries sustained by plaintiff to his person. As the result of

the buggy being run into by the street car, plaintiff was thrown out of the buggy and injured. Damages are placed at $2000. In the St. Louis Carbonating & Manufacturing Company case, the court took the case from the jury by instruction. Holding that action error, we reversed and remanded the case. Here the court submitted the case to the jury on the evidence introduced by plaintiff, defendant asking instructions but introducing no evidence. The jury returned a verdict in favor of plaintiff for $1000, from judgment for which, after filing a motion for new trial and saving exception to that being overruled, having saved exceptions to the giving and refusal of instructions, defendant has duly perfected appeal to this court.

Learned counsel for appellant, in the argument of the case before us, frankly stated that they were here practically asking for a reconsideration of the opinion in the St. Louis Carbonating & Manufacturing Company case. In support of this contention it is argued that the demurrer was rightly sustained in that case and should have been sustained to the evidence in this case, for, as is argued, it shows conclusively that the proximate cause of the collision between the car and the buggy was one that was completely without the control of defendant and for which it was not responsible. It is further argued that in the case at bar the court had erred in submitting to the jury, by the instruction given at the instance of plaintiff, the question of the motorman's failure to stop his car after he saw or by the exercise of ordinary care could have seen the buggy had stopped on the tracks, counsel claiming that there is no evidence to support such an issue.

On careful reconsideration of the opinion of this court heretofore rendered in the St. Louis Carbonating & Manufacturing Company case, supra, in connection with the brief and argument for the defendant in the case at bar, we adhere to what was said in that

case. As the facts are also there fully stated we see no occasion to do more than refer to that as here applicable. We will add this, however: Neither a street car nor any other vehicle has any monopoly in, or exclusive right to, the use of the public streets and ways: both are licensees. From the necessities of the case, the street car's use of the streets is confined to its tracks, and it cannot turn off of those tracks. Other vehicles have the use of the whole surface of the street, including even that part covered by the tracks. The vehicle has no right to unduly obstruct the car in its movement along its tracks: it must yield to the car, in as far as is necessary, to enable the car to move, for a vast multitude of the public are interested in the prompt and unobstructed movement of the car. But when, from the surrounding circumstances, as for instance obstructions or inability of the preceding vehicle to turn out on account of torn up or obstructed streets, the vehicle cannot at once turn off of the track, the car is not to go on its way in its own time unmindful of this: it has no right, under such circumstances to run at such a rate of speed as will endanger the preceding vehicle. In brief, that time-honored maxim, *"Sic utere tuo ut alienum non laedas,"* meaning that in the use of our property rights, we must have regard to the rights of others, is to be observed.

Applying this to the case at bar, when under the circumstances attendant upon this accident, that is to say, a street car following a vehicle moving along a public street, that street obstructed on the sides of the track of defendant so as to render it almost impossible for the vehicle to turn out of the tracks, and with the knowledge common to all travelling over the streets, that under the ordinary conditions of traffic it was liable to a sudden stoppage, ordinary prudence demanded that those in charge of the following car should see to it that that car be kept under complete control, so that in case of a sudden stopping of the

vehicle in front of it, the street car itself could be instantly stopped. There was evidence that such control was not present in this case. In point of fact there was evidence that after colliding with the buggy the car ran quite a distance beyond the place of collision. It thereupon became a question for the determination of the jury.

Counsel for defendant claims that there was error in an instruction given at the request of plaintiff. The particular part of that instruction complained of is that which tells the jury they may find for plaintiff, if, among other facts to be found, they find that the accident occurred "by failing or neglecting to stop or check the speed of the said car within the shortest possible time and space after they (defendant's employees in charge of the car) saw the dangerous situation of plaintiff's buggy."

At the instance of defendant the court told the jury, by instruction No. 3, that if they found that the driver of the horse and buggy "stopped upon the tracks immediately in front of defendant's car, and so close thereto as to make it impossible for the motorman to stop the car and prevent a collision," then their verdict must be for the defendant. Learned counsel for appellant claim that there was no evidence to support this part of plaintiff's instruction and deny that the one is a mere converse of the other. Whether this clause in the very full and long instruction of plaintiff is within the evidence, we think that it is practically the converse of the very specific instruction given at the instance of defendant. If the evidence did not warrant plaintiff's instruction it did not warrant that of the defendant. "Where a party has asked similar instructions to those given, he is in no position to complain." [Whitmore v. Sup. Lodge Knights & Ladies of Honor, 100 Mo. 36, l. c. 47, 13 S. W. 495.] "A party will not be heard to complain

of an error which he invites or adopts.'' [Phelps v. City of Salisbury, 161 Mo. 1, l. c. 14, 61 S. W. 582. See also Lange v. Missouri Pac. R. Co., 208 Mo. 458, l. c. 475, 106 S. W. 660; Tall v. Chapman, 66 Mo. App. 581; Walker v. Robertson, 107 Mo. App. 571, 81 S. W. 1183.] Moreover, the clause in plaintiff's instruction of which complaint is made was but a part of a long instruction, no other part of which is complained of. The instruction given for defendant, which we have quoted in full, is a distinct instruction. But even if the one is not the converse of the other, we do not believe that under the evidence in the case and this part of the instruction of defendant, the jury was misled, or that the presence of this clause in the instruction of plaintiff is reversible eror.

On consideration of all the instructions we hold that the case was properly submitted to the jury and their finding, supported as it is by the evidence, is conclusive.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.