SMITH, Defendant in Error, v. HARDESTY, Plaintiff in Error.

1. A. sued B. for damages to his house in excavating his lot in such manner that the bank fell and injured the wall of A.'s house. In such case an instruction that if defendant managed his excavating so carelessly that thereby he contributed to the injury of plaintiff, is erroneous.

### Error to Kansas Court of Common Pleas.

This was an action for damages. Plaintiff was employed by one McCoy to build the brick walls of a house on a lot adjoining a lot owned by defendant. Before he had completed said walls, defendant had been excavating on his own lot, and managed so carelessly and negligently that the bank of defendant's lot fell and knocked down a part of plaintiff's wall. The following is the instruction given by the court at the instance of plaintiff: " That if the court believe that the defendant managed the excavation of his lot carelessly and that his carelessness contributed to the injury of plaintiff, that then defendant is responsible for the damages; and that the care ought to be commensurate with the danger." The

instruction asked by defendant and refused is in these words: " 7. If the jury believe that the bank on defendant's lot was caused to fall against the house then being erected by plaintiff, by reason of the excavation done upon the lot upon which said house was being erected, they are bound to find for defendant."

*Hovey*, for plaintiff in error.

I. There was no evidence upon which to hypothecate the instruction asked by defendant in error. (Craighead v. Wells, 21 Mo. 404.) The seventh and last instruction asked by defendant below is clearly the law arising upon the facts in evidence and ought to have been given. (Wyatt v. Harrison, 3 Barn. & Adolph, 871.)

NAPTON, Judge, delivered the opinion of the court.

The instruction which the court gave at the instance of the plaintiff is erroneous. To say nothing of the entire want of testimony to authorize it, so far as we have been able to discover, it is not the law that the defendant is responsible for a carelessness which merely *contributed* to an injury to plaintiff. It may be that the plaintiff's own conduct may have materially contributed to the same result, in which event the defendant would not be responsible.

We are unable to see why the seventh instruction asked by the defendant was not given. That instruction was, that if the bank on defendant's lot was caused to fall against the house, in the process of erection by plaintiff, by reason of the excavation on the lot upon which plaintiff was building, the verdict should be for the defendant. This would seem to be undoubtedly true as a proposition of law, and a number of witnesses seemed to be of opinion that this excavation of plaintiff's was the true cause of the land slide.

Judgment reversed and cause remanded ; Judge Ewing concurs. Judge Scott absent.