VIRGINIA SCHMIDT, Executrix, etc., Respondent,
v. ST. LOUIS TRANSIT CO., Appellant.

St. Louis Court of Appeals, June 8, 1909.

1. WITNESS: Physical Facts: Credibility of Witness for Jury to Determine. Where a witness had a view for at least three blocks in the direction from which a car was approaching, and testifies that, it being dusk, he could see from seventy-five to one hundred feet ahead of him, and that he looked and did not see the car approaching, although the statement that he did not see the car is remarkable, the credibility of his evidence in this behalf is nevertheless for the jury.

2. STREET RAILWAYS: Negligence: Violation of Speed Ordinance: Proximate Cause. In an action for personal injuries, resulting from a collision between a street car and a vehicle, in order to warrant a recovery by plaintiff on the theory that a municipal ordinance, prescribing a maximum rate of speed for street cars, was violated, it devolves upon him to prove that the injury would not have occurred, had the car been running within such rate of speed.

3. ———: ———: ———: Proximate Cause, How Shown. The violation of a speed ordinance may be shown to have been the proximate cause of the injury by collateral facts and circumstances, as well as by direct and positive testimony. And where it appears that a car was running at twenty or twenty-five miles per hour; that the motorman first discovered the wagon on the track when the car was about fifty feet from it; that the car was stopped eight feet beyond the point of collision; and that only the rear wheel of the wagon was struck, the other parts having left the track, a jury might reasonably infer, that if the car had been running fifteen miles per hour (that being the maximum speed prescribed by ordinance) and the motorman had made the same efforts to stop, the wagon would have cleared the track entirely before the car reached the point of collision.

4. NEGLIGENCE: Independent Cause: Contributory Negligence. In an action for personal injuries, where no outside or independent cause concurs with the negligence of defendant to produce the injury, the case is to be determined solely with reference to negligence on the part of defendant and negligence on the part of plaintiff, and if the latter's negligence contributes in the least to his injuries, he cannot recover, except under the "Last Chance Doctrine."

5. ———: **Independent Contributing Cause.** A recovery may be had against one whose negligence contributes with that of a third party, or with an accidental cause, or with the act of God, to cause an injury, if the injured party himself was free from blame.

6. ———: ———: **Instruction.** In such an action, where the negligence of defendant is not relied upon as the sole cause of the injury, and where it appears that such negligence contributed with an outside or independent cause to produce the injury, it is proper to instruct the jury that if defendant's negligence contributed with such outside or independent cause to produce the injury and if plaintiff is found to be without fault, he is entitled to recover.

7. ———: **Contributory Negligence: Instruction Authorizing Finding if Negligence "Contributed to Cause," Error When.** In an action for personal injuries, where there is no evidence of any outside or independent contributory cause and the issue is negligence or no negligence on the part of both defendant and plaintiff, an instruction, which authorizes a recovery by plaintiff if the jury believe defendant's negligence contributed to cause the injury, is erroneous, even though it further requires the jury to find plaintiff was without fault.

Appeal from St. Louis City Circuit Court.—*Hon. Dan'l D. Fisher,* Judge.

REVERSED AND REMANDED.

*Boyle & Priest* and *Glendy B. Arnold* for appellant.

(1) The court erred in overruling defendant's challenge of juror, Elsworth Lyons. Billmeyer v. Transit Co., 108 Mo. App. 6; Theobald v. Transit Co., 191 Mo. 395. (2) The court erred in not sustaining defendant's demurrer to the evidence, because there is no evidence tending to show negligent speed of the car, or, if the speed was negligent, that it was the proximate cause of the collision. Molyneaux v. Railroad, 81 Mo. App. 25; Bluedorn v. Railroad, 121 Mo. 258; Jackson v. Railroad, 157 Mo. 621. (3) Plaintiff's first instruction is erroneous because it authorizes a recovery if the jury believe from the evidence that the speed at which

the car was traveling merely contributed directly to cause the collision.   (4)   The verdict of the jury is the result of passion and prejudice, and against the overwhelming weight of the evidence.   Mitchell v. Railroad, 102 S. W. 661.

*Joseph A. Wright* and *Edward W. Foristel* for respondent.

(1)   Respondent (plaintiff) having peremptorily challenged juror Lyons, defendant cannot complain. Thompson and Merriam on Juries, sec. 276, subsec. 3, p. 308.   (2)   With the testimony tending to prove excessive speed, it was properly left to the jury to determine whether such excessive speed caused the injury. Stotler v. Railroad, 200 Mo. 107; Sluder v. Transit Co., 189 Mo. 107; Weber v. Railroad, 100 Mo. 194; Kolb v. Transit Co., 102 Mo. App. 143; Campbell v. Transit Co., 121 Mo. App. 406; Meyers v. Transit Co., 99 Mo. App. 363.   (3)   It is sufficient that the negligent act directly contributed to cause the injury.   Harrison v. Electric Light Co., 195 Mo. 606; Newcomb v. Railroad, 169 Mo. 409; Brash v. St. Louis, 161 Mo. 433; Campbell v. Transit Co., 121 Mo. App. 406.

NORTONI, J.—This is an action for damages alleged to have accrued to Joseph Schmidt, now deceased, for personal injuries inflicted upon him by defendant's street car.   Plaintiff recovered and the defendant prosecutes the appeal.   After trial and judgment in the circuit court, Joseph Schmidt departed this life and the cause now stands revived in the name of Virginia Schmidt, his executrix.   For convenience, we will refer to Joseph Schmidt, now deceased, as the plaintiff.

It appears the plaintiff was seated in a one-horse wagon and had been driving south on the defendant's southbound track about sixty hundred south Broadway in the city of St. Louis, when the defendant's southbound car collided with the rear wheel of his wagon

and inflicted the injuries complained of. At the time of
the collision he was in the act of driving to the south-
east from the car track; in fact, the horse and forepart
of the wagon were then off the track, and the car col-
lided with the rear wheel only.

There are two specifications of negligence relied
upon in the petition for recovery. The first is the al-
leged violation of what is known as the vigilant watch
ordinance, and the second is an alleged violation of
the speed ordinance of the city of St. Louis, which or-
dinance forbids the operation of street cars at the point
in question to exceed fifteen miles per hour. The evi-
dence being insufficient to support the allegation un-
der the vigilant watch ordinance, the court referred
the case to the jury on the specification of negligence
arising under the speed ordinance only. The evidence
on the part of plaintiff tended to prove that he was driv-
ing south on the west side of Broadway when his prog-
ress was interrupted because of the fact that certain
portions of the surface of the street had been removed
in making repairs. Thereupon he turned upon defend-
ant's southbound track and continued his journey south-
ward. The defendant maintains and operates two street
car tracks on Broadway near the center of the street.
The track farthest west is occupied by south-bound
cars, while the track farthest east is occupied by
the northbound cars. Plaintiff testified that he looked
to the rear and listened for a car at the time of driv-
ing upon the track. This was about two hundred and
fifty feet north of the point where he was afterwards
overtaken and injured. Not seeing or hearing a car
at the time mentioned, he continued driving southward
for about two hundred and fifty feet. Upon crossing
Filmore street, he looked to the rear and listened a
second time and neither saw nor heard a car approach-
ing. The time of the year was October, and it was
after six o'clock in the evening. It was dusk, or be-
tween daylight and darkness. Plaintiff said he could

see from seventy-five to one hundred feet ahead of him. As he had a view for at least three blocks to the north at the time he looked and listened at Filmore street, it is remarkable indeed that he did not observe the approaching car which inflicted the injury. However, the credibility of his evidence as to looking and listening for the car upon crossing Filmore street, was a question for the jury. He said about this time there was a car coming on the east or northbound track from the south as well, and that, in order to avoid possible dangers from the car approaching thereon, he continued on the southbound track for from one hundred to one hundred and fifty feet south of Filmore street, when, upon turning his horse and wagon to the southeast, in order to leave the southbound track, the defendant's street car from the north collided with the rear wheel of his wagon and precipitated him from his seat. This collision resulted in the injuries of which complaint is made. The city ordinance in evidence forbids the operation of street cars at the point in question to exceed the rate of fifteen miles per hour. The evidence for plaintiff tended to prove that the car was running just prior to the collision, at the rate of from twenty to twenty-five miles per hour in violation of the speed ordinance referred to. There was no testimony introduced as to the distance in which a car, running at the rate of fifteen miles per hour, might have been checked or stopped in order to avert a collision. It does appear from the testimony of defendant's motorman, however, that he first saw plaintiff's wagon while in the act of leaving the track, about fifty feet in front of the car. All of the testimony goes to the effect that upon first seeing plaintiff's wagon, the motorman immediately employed the means at hand to stop the car, and succeeded in stopping the same within eight feet after colliding with the rear wheel of the wagon. It is argued the court should have instructed a verdict for the defendant for the reason there was no evidence tending

to show that the excessive speed of the car was the proximate cause of the collision and resulted in the injury to plaintiff. It is very true that the mere fact a street car is run at a greater rate of speed than is allowed by the ordinance will not authorize a recovery unless there is some evidence connecting a violation of the ordinance with the injury complained of. That is to say, the mere fact of excessive speed, without more, is not sufficient to support an action. A right of action therefore accrues to a person only when it appears that such excessive speed operates proximately to his injury. Therefore, in order to support the action, it should appear that the injury would not have occurred if the car were running at a speed within the ordinance limit. There is no presumption of law that because the car was running in violation of the ordinance, the plaintiff's injury resulted proximately therefrom. On the contrary, such is a matter of fact which must be established to a reasonable certainty by the evidence. [Bluedorn v. Railroad, 121 Mo. 258; Kelly v. Railroad, 75 Mo. 138; Jackson v. Railroad, 157 Mo. 621; Molyneux v. Railroad, 81 Mo. App. 25.] However, such fact may be proved by other collateral facts and circumstances as well as by direct and positive testimony. It is certainly not essential for a witness to testify positively that a car, running within the ordinance speed, could have been stopped so as to have averted the injury when such may be reasonably inferred from the testimony given. Although there was no direct proof in the cause to the effect that a car, running at fifteen miles an hour, could have been stopped in time to have averted a collision, a reasonable inference to that effect arises from the facts in proof. From the testimony given on behalf of plaintiff, it appears the car was running from twenty to twenty-five miles per hour; that the motorman first discovered his wagon on the track about fifty feet in front of the car; that upon applying the brakes, he succeeded in stopping the car within eight feet after having

collided with the wagon. The collision, too, was with the rear wheel of the wagon, when the horse and other portions of the wagon had gotten off the track. From this, a jury might reasonably infer that had the car been running at only fifteen miles per hour and the motorman exerted the same effort to stop after apprehending the danger, the wagon would have cleared the track entirely before the point of collision was reached by the car. This proof tends with great force to show a causal connection between the violation of the speed ordinance and plaintiff's injury. The case of Stotler v. C. & A. Ry. Co., 200 Mo. 107, 135, 136, is quite in point, if any authority were needed for the proposition. See, also, Kolb v. St. Louis Transit Co., 102 Mo. App. 143; Keim v. Union Ry. & Transit Co., 90 Mo. 314.

At the instance of plaintiff, the court gave the following instruction:

"If the jury find from the evidence in this case that on the 18th day of October, 1904, the defendant St. Louis Transit Co. was operating the railway and car mentioned in the evidence for the purpose of transporting persons for hire from one point to another in the city of St. Louis, and if the jury find from the evidence that at such time Broadway at the places mentioned in the evidence was an open public street within the city of St. Louis, and if the jury find from the evidence that on said day plaintiff was driving a horse attached to a wagon southward on Broadway, near its intersection with Grundy street in the city of St. Louis, and that whilst doing so the horse and wagon were travelling along the south-bound track of said defendant; and if the jury find from the evidence that the motorman of said defendant in charge of said car while approaching the said horse and wagon was running said car on the south-bound track at a speed greater than at the rate of fifteen miles per hour, then the court instructs the jury that said motorman was negligent in running said car in excess of fifteen miles per hour, and if the jury finds

from the evidence that said car struck the plaintiff's wagon and threw him off the seat and into the bed of the wagon and injured him, and if the jury further finds from the evidence that the running by said motorman of said car at a speed greater than fifteen miles per hour directly contributed to cause the said car to strike the plaintiff's wagon, and to throw him off the seat and into the bed of said wagon, and injure him, and that the plaintiff was in the exercise of ordinary care for his own safety, as specified in other instructions given, then your verdict will be for the plaintiff, against the defendant St. Louis Transit Company."

It is argued that the court erred in this instruction for the reason it told the jury they should find the issues for the plaintiff if they found that the excessive speed mentioned directly contributed to cause the injury. This assignment of error must be sustained for it appears there was no outside or intervening cause which could have contributed to the injury upon any theory of the case. There was naught in issue as a contributing cause other than the negligence of the defendant or of plaintiff himself. It appears that instructions employing the word "contributed" in the same, or about the same, connection as here employed, have been approved by the courts of this State in cases much resembling this one. That is, in cases where on the facts in judgment, there appeared to be no outside or independent cause contributing to the injury, the only possible source of negligence being that of the defendant on the one hand and the plaintiff on the other. See Campbell v. St. Louis Transit Co., 121 Mo. App. 416; Riska v. Union Depot Ry., 180 Mo. 168. By reference to the case of Riska v. Uion Depot Ry., supra, it will appear that the objectionable words authorizing a recovery for the plaintiff, if the negligence of defendant contributed to cause the injury, ran through practically all of the plaintiff's instructions. Those instructions are set out in the opinion and although this feature of them was not discussed

therein, the opinion of the Supreme Court affirming the judgment operated to approve the instructions at least *sub silentio*. Be this as it may, the more recent cases in our Supreme Court condemn as misleading instructions which authorize a recovery for the plaintiff if the defendant's negligence contributed to the injury in cases other than those in which there is an outside or independent cause commingling with the defendant's negligence. In those cases where no outside or independent cause concurs with that of defendant in producing the injury, then the case is to be determined solely by reference to the alleged negligent conduct of the defendant on the one hand and the alleged negligent conduct of the plaintiff on the other; and if the plaintiff's negligence contributes in the least to his injury, there can be no recovery, unless it be under the last clear chance doctrine, which is not important here and will therefore not be further noticed. Therefore, if the defendant's negligence contributes with that of plaintiff only, the case is one of concurring negligence and the plaintiff is debarred of recovery for the reason that defendant's negligence, instead of being the sole and proximate cause of his injury, operated only to contribute with plaintiff's own fault. [Smith v. Hardesty, 31 Mo. 411.] In view of these principles, the Supreme Court, in Hof v. St. Louis Transit Co., 213 Mo. 445, denounced as misleading an instruction permitting a recovery on the part of the plaintiff if the jury found that defendant's negligence contributed to cause the injury, even though the instruction required the jury as well to find that the plaintiff was exercising ordinary care on his part at the time of the injury. In that case the court said: "Under either of those instructions, the jury might well have found, and doubtless did find, that plaintiff was not guilty of contributory negligence, but that he was injured by the concurring negligence of the servants in charge of the car and some unknown cause not stated in the petition or shown by the evidence." It appears therefore that in a

case where there is for consideration only the negligence of the two parties and no outside or independent cause contributing thereto, that the matter is not aided by the fact that the instruction requires the jury to find the plaintiff was exercising ordinary care on his own part. It is said in such cases that the portion of the instruction authorizing the jury to find for the plaintiff, if the defendant's negligence contributed to cause the injury, is inconsistent with that which requires the jury to find, first, of his right of recovery, that the plaintiff was exercising ordinary care on his part.

It is very true that one may have his action and a recovery against a defendant for its negligent breach of duty in a case wherein the negligence of the defendant may not be the sole cause of the injury. As for instance, where the negligence of two persons concur and thereby each contributes to the injury of a third. In such circumstances, the injured person may have his action, and if he is without negligence on his own part, recover against either defendant, even though its negligence was not the sole cause of the injury. A recovery is allowed and sustained in such cases when defendant's negligence contributes proximately, even though it is not the sole cause of the plaintiff's hurt. The principle is elucidated in Newcomb v. Railroad, 169 Mo. 409; Straub v. City of St. Louis, 175 Mo. 413; Harrison v. Kansas City Elec. Light Co., 195 Mo. 606. It is likewise true that a plaintiff, being without fault on his part, may have an action and recover against a defendant whose negligence is not the sole cause of injury, if the negligent act complained of concurs with an accidental cause and operates proximately to the injury of another. Although in such cases defendant's negligence is not the sole cause of the injury, it is liable to respond and answer in damages for its inattention and want of care which, concurring with the accidental cause, proximately entailed the loss or injury upon another party

who is innocent. Such are the cases of Brennan v. City of St. Louis, 92 Mo. 482; Hull v. City of Kansas City, 54 Mo. 598. And on the same principle, an action will lie and the law will afford relief to a plaintiff injured by the negligence of a defendant which is not the sole cause of the injury if the defendant's negligence concurs with the act of God and operates proximately to plaintiff's loss. See the following cases: Brash v. City of St. Louis, 161 Mo. 433; Gratiot Street Warehouse Co. v. M., K. & T. Ry. Co., 124 Mo. App. 545, 102 S. W. 11. And the principle extends as well to any other independent or outside cause with which the defendant's negligence operates and concurs to contribute to the injury. As for instance, where a plaintiff, in endeavoring to avoid the kick of a mule, fell into an excavation negligently permitted to remain adjacent to the streets of the city of St. Joseph. The court pronounced judgment to the effect that even though the defendant's negligence in permitting the excavation to remain unguarded was not the sole cause of the injury, if it contributed with an independent cause, that is, in that case with the kick of the mule from which the plaintiff was endeavoring to escape at the time of her injury, the action should be sustained. [Bassett v. City of St. Joseph, 53 Mo. 290.] Now there can be no question that in any of those cases where defendant's negligence is not relied upon as the sole cause of the injury, but on the contrary, where it appears its negligence only contributed with an outside or independent cause, as above pointed out, to entail the injury upon which the suit is predicated, it is proper enough for the court to tell the jury that if defendant's negligence contributed with such cause to produce the injury, then the plaintiff is entitled to recover, if found to be without fault on his part. Such was the recent case of Fleddermann v. St. Louis Transit Company, in this court, 134 Mo. App. 199, 113 S. W. 1143. In that case the noise from railroad engines and trains operated as an independent cause to prevent plaintiff from hear-

ing the street car. This doctrine does not obtain, of course, in respect of that class of cases where the rights of the parties are to be ascertained with respect solely to the negligent breach of duty on the part of defendant on the one hand, and on the part of the plaintiff on the other. In such cases, where the issue is negligence or no negligence on the part of defendant, and negligence or no negligence on the part of the plaintiff, plaintiff is always precluded from recovery if his negligence contributed to the injury, and in order to sustain a verdict in that behalf, the finding of the jury must affirm the want of negligence on the part of plaintiff and that the negligence on the part of defendant was the sole and only cause operating proximately to the injury. The recent decisions of our Supreme Court go to the effect that in cases of this class, it is reversible error for the court to instruct the jury that plaintiff may recover if the jury finds defendant's negligence contributed to cause the injury, and this too, even though the instruction requires the jury as well to find the plaintiff was without fault on his part. Besides Hof v. St. Louis Transit Co., 213 Mo. 445, see the more recent case of Krehmeyer v. St. Louis Transit Co., — Mo. —, — S. W. ——, not yet reported, where the court In Banc reviews the Hof case and reaffirms its doctrine in accordance with the views hereinbefore expressed. It would seem that in a case where the complaint is that of negligence on the part of defendant, the answer countercharging contributory negligence on the part of plaintiff, as in this case, and there is no outside or independent cause whatever contributing to the injury in proof, the facts suggest but two possible sources of negligence. That is, negligence on the part of defendant on the one hand, and negligence on the part of plaintiff on the other. This being true, it could be well reasoned that if the jury were instructed to find for the plaintiff, if they found the defendant's negligence contributed to

the injury and the plaintiff was wholly without fault on his part, that by finding for the plaintiff the jury thereby affirmed there was no negligence on the part of plaintiff and therefore defendant's negligence being the only other possible cause of the injury, its contributing thereto is sufficient. Be this as it may, such reasoning on the question, whether sound or not, is foreclosed to us by the two recent decisions of the Supreme Court directly in point.

For error in the instruction referred to, the judgment will be reversed and the cause remanded. *Reynolds, P. J.,* and *Goode, J.,* concur.