MARY E. PARKER, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, Argued and Submitted November 15, 1910. Opinion Filed December 30, 1910.

1. CARRIERS OF PASSENGERS: Street Railways: Passengers Alighting: Duty of Carrier. The stopping of a street car at a usual stopping place is an invitation for passengers to alight, and the company's employees are negligent if they thereafter start the car without taking every reasonable precaution to see that no passengers are alighting from or boarding the car.

2. ———: ———: ———: ———. Where a street car is stopped at a place not a usual stopping place, the persons in charge of such car have no right to start it, when they see that persons are in the act of alighting, until such passengers have safely landed.

3. ————: ————: **Passenger Alighting from Moving Car.** A street car passenger has no right to alight from the car when it is moving, either before it has come to a stop, or after having come to a stop, before it is again put in motion.

4. **APPELLATE PRACTICE: Conclusiveness of Verdict.** A verdict rendered on contradictory evidence is conclusive on appeal as to the questions of fact on which the evidence conflicted.

5. **PLEADING: Sufficiency of Petition: Aided by Verdict.** If a petition not demurred to states a good cause of action, however defectively, it is good after verdict.

6. **CARRIERS OF PASSENGERS: Street Railways: Injuries to Passenger: Alighting from Car: Pleading: Alleging Several Actions of Negligence as Contributory Cause.** In an action against a street railway company for personal injuries sustained by a passenger in alighting from a car, the petition alleged that after the car had come to a stop to discharge passengers and while plaintiff was alighting, the car was negligently started forward, throwing plaintiff into the street, "which said negligence directly contributed to cause plaintiff's injuries and by reason of which plaintiff was severely and permanently injured," and the petition further alleged the negligent violation of an ordinance requiring motormen to bring their car to a full stop at the far side of intersecting streets, whenever signalled by the conductor or a passenger desiring to leave the car, and to keep the car stationary long enough to allow passengers to safely alight, "which negligence directly contributed to cause plaintiff's injuries." *Held*, that the petition was not defective in that it alleged that each negligent act averred contributed to the accident, as it was not necessary to allege in the petition which negligent act was the direct or sole cause of the injury in order to make defendant liable, and both together might have caused it, in which event it was proper to plead that each "contributed" to cause it.

7. **NEGLIGENCE: Concurring Negligence: Negligence of Third Person.** A defendant's negligence need not be the sole proximate cause of injuries to entitle the injured person to recover against him, but he is liable if his negligence concurred with that of another to cause the injuries.

8. **INSTRUCTIONS: Refusal: Covered by Instructions Given.** Requested instructions covered by instructions already given of the court's own motion are properly refused.

9. **TRIAL PRACTICE: Argument of Counsel: Remarks of Court.** There is no law or rule of practice requiring the court, in passing on objections to the argument of counsel, to put in writing its remarks bringing counsel within proper bounds.

10. ———: ———: **Argument Held Proper.** In an action for personal injuries, *held*, that certain remarks of counsel for plaintiff in his remarks to the jury, excepted to by defendant, were fully justified by the cross-examination of plaintiff, and that certain remarks made by the court in passing on such objections were drawn out by counsel for defendant.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

AFFIRMED.

*Glendy B. Arnold* for appellant; *Boyle & Priest* of counsel.

(1) Plaintiff's petition does not state a cause of action. Defendant's negligence, which merely contributes to without being the cause of plaintiff's injuries, is not actionable, and certainly not if it contributes with plaintiff's own negligence in causing her injuries. Schmidt v. Transit Co., 120 S. W. 99; Smith v. Hardesty, 31 Mo. 413; Hof v. Transit Co., 213 Mo. 468; Krehmeyer v. Transit Co., 220 Mo. 668. (2) The court erred in giving plaintiff's first instruction because: (a) It is an incorrect declaration of law. (b) It does not define the degree of care that defendant owed plaintiff. Magrane v. Railroad, 183 Mo. 119; Gibler v. Terminal Co., 203 Mo. 208. (3) The court erred in overruling defendant's objections to misstatements of material facts made by plaintiff's counsel to the jury. Franklin v. Railroad, 188 Mo. 533. (4) The court erred in overruling defendant's objections to improper remarks made by plaintiff's counsel. Schmidt v. Railroad, 149 Mo. 269; Beck v. Railroad, 129 Mo. App. 7; Rice, etc., v. Sally, 176 Mo. 107; Leu v. Transit Co., 106 Mo. App. 329; Gibbs v. Power Co., 142 Mo. App. 19. (5) The court erred in making improper comments to the jury on the evidence. Schmidt v. Railroad, 149 Mo. 269; Dreyfus v. Railroad,

124 Mo. 585. (6) The court erred in refusing defendant's instruction marked "D. No. 6." (7) The court erred in giving of its own motion instruction marked "C-2."

*M. Hartmann* and *Julius T. Muench* for respondent.

(1) Where, as in the case at bar, the petition states facts enough to show a good cause of action, even though such cause of action may have been defective in some of its averments, and the defendant answers and goes to trial on the merits, he cannot object to the informality of the petition for the first time on appeal from a verdict for the plaintiff. Young v. Iron Co., 103 Mo. 327; Seckinger v. Mfg. Co., 129 Mo. 598; Robinson v. Metropolitan L. I. Co., 105 Mo. App. 571; Scamell v. St. L. Transit Co., 103 Mo. App. 514; Strauss v. St. L. Transit Co., 102 Mo. App. 648; Wilbur v. Railroad, 110 Mo. App. 693; R. S. 1909, secs. 1831 and 2119. (2) Plaintiff's first instruction correctly declared the law. Westervelt v. St. L. Transit Co., 222 Mo. 325; Brazis v. St. L. Transit Co., 102 Mo. App. 224; Duffey v. St. L. Transit Co., 104 Mo. App. 235; Curley v. Railroad, 120 Mo. App. 265; Bell v. Railroad, 125 Mo. App. 660. (3) There is nothing in this case to show that the trial court violated the discretion required to be exercised by it in watching over the argument or that the verdict of the jury was not based upon substantial evidence, but was the result of prejudice created by the remarks of counsel complained of, and this court should not, therefore, reverse the judgment; the remarks of counsel having been made in the heat of argument and having been merely justifiable comments on the manner of defendant's counsel in trying the case, not on facts outside

the record. Gibbs v. Light & Power Co., 142 Mo. App. 19; State v. Musick, 101 Mo. 260; State v. Findley, 101 Mo. 217; State v. Duestrow, 137 Mo. 87; Laporte v. Cook, 48 Atl. Rep. (R. I.) 798.

REYNOLDS, P. J.—This is an action by plaintiff against the defendant, at the time operating a street car line in the city of St. Louis, for injuries alleged to have been sustained by her on or about the 13th of December, 1907, while she was a passenger on a west-bound Compton avenue car of the defendant. There are two assignments of negligence in the petition, one to the effect that when the car approached the intersection of Armstrong and Park avenues in the city of St. Louis, the defendant's conductor in charge signaled to the motorman and the car was stopped, "and it had come to a position of rest," for the purpose of discharging passengers at the northwest corner of the intersection of those streets, that being the usual stopping place; that the plaintiff thereupon proceeded to alight from the car while it was stopped, and that while she was in the act of alighting, she using due care and diligence, and before she had a reasonable time or opportunity to alight, defendant's agents in charge of the car carelessly and negligently caused and suffered it to be started suddenly forward, whereby plaintiff was jerked from the car and violently thrown from it to the street, "which said negligence directly contributed to cause plaintiff's injuries, and by reason of which plaintiff was severely and permanently injured," describing the injuries. The second assignment of negligence is bottomed on a violation of an ordinance of the city of St. Louis, providing that it shall be the duty of every motorman or other servant running any car going westwardly, to bring the car to a full stop at the corner on the west side of the intersecting streets whenever requested, signaled or or-

dered by the conductor or any passenger on such cars
desiring to leave such cars, and that in every instance
such cars shall remain stationary for a sufficient length
of time to enable such passenger safely to leave such
car, it being alleged that the motorman and conductor
of the car, unmindful of their duty, negligently and
carelessly failed to keep the car stationary at the point
of stoppage for a sufficient length of time to enable
plaintiff to safely alight from the car, "which negli-
gence directly contributed to cause plaintiff's inju-
ries." By reason of the injuries so sustained through
the negligence aforesaid, plaintiff avers that she suf-
fered and will suffer great pain and anguish of body
and mind and be forced to expend large sums of money
for necessary medical attendance, etc., to her damage,
etc., she accordingly praying judgment for $4500 and
costs.

The answer was a general denial and a plea of
contributory negligence on the part of plaintiff, aver-
ring that she had attempted to alight from the moving
car before it had come to a stop, and while it was
coming to a stop for the purpose of permitting her
to alight therefrom.

The reply was a general denial.

The trial resulted in a verdict of $1250 for the
plaintiff, judgment following, from which, after inter-
posing a motion for a new trial and saving exceptions
to that being overruled, defendant has duly perfected
an appeal to this court.

Plaintiff was the sole witness in her own behalf
as to the facts attendant upon the accident, and the
physician who attended her testified as to the nature
and extent of her injuries and their probable effect.
Plaintiff's mother testified to plaintiff's condition sub-
sequent and before the accident, but her testimony is
unimportant. This was all the testimony offered by
plaintiff. Briefly it may be said that the testimony of

plaintiff herself tended to prove that the car in which she was a passenger, she having paid her fare, was crowded; her destination was the corner of Armstrong and Park avenues, her proper stopping place, she living on Hickory street, the next street north of Park, near Armstrong. A short distance to the east of Armstrong avenue and opening on Park avenue is Benton place, a private place or street. Both Armstrong and Benton Place end at the north line of Park evenue. As the car was passing Benton Place the conductor called out "Benton Place," whereupon plaintiff rang for the next stop, which would be Armstrong avenue. Before the car got to Armstrong avenue, the conductor, who was in the front part of the car collecting fares, called out "fares" and just as the car was opposite a church between Benton Place and Armstrong avenue, plaintiff rang the bell. A gentleman standing in front of her stepped to one side and opened the door for her to get out. As plaintiff got to the platform or through the front door of the car, the motorman turned around and looked at her as she stepped from the platform to the step of the car and on to the step. The car was "perfectly still" when she got on the step and she was in the act of stepping down to the street when the car started. She held on with her left hand as long as she possibly could and until her hold broke when she fell, the car dragging her from three to five feet. The car was then stopped, she was lifted up to her feet by some person and went across to the sidewalk; her name was taken by some one, whether the motorman or conductor is not very clear, and a gentleman who was standing on the sidewalk took her to her home on Hickory street where she lived. She asked him for his name and address, but he declined to give either, as he said he did not want any publicity and she does not seem to have ever met him again. During the course of her cross-examination,

she was asked by counsel for the defendant, many questions, obviously intended to bring discredit on her (witness') character. To all of them she very emphatically gave negative answers.

The physician who attended her testified to the extent of her injuries and for the length of time he had attended her, and that he had not yet been paid, and to the value of his services. This latter was admitted by the court subject to objection, the court stating that he was in doubt whether the plaintiff, a married woman, could recover for medical and surgical attendance.

On the part of defendant, there was evidence tending to show that plaintiff attempted to alight while the car was in motion and before it had stopped, and her testimony as to the facts connected with her falling from the car was contradicted by the witnesses for the defendant in practically every feature. No evidence whatever was introduced or offered which in the slightest manner reflected upon the character or past life of the plaintiff—no evidence whatever being offered or introduced that would in any way support the line of questioning indulged in by counsel for the defendant as to these matters.

The plaintiff abandoning her second assignment of negligence, the court instructed alone on the first. After reciting formal matters, the court told the jury that if they found from the evidence that on the day named plaintiff was a passenger on one of defendants cars, having paid her fare, that when the car, going west, approached the intersection of the streets named, plaintiff rang the bell to signal the car to stop and the car was stopped at the northwest corner of the streets named for the purpose of discharging passengers; that this place was the usual and regular place for such purpose; that thereupon plaintiff, in the exercise of reasonable care, started to alight from the

front end of the car, then the court instructs the jury, as a matter of law, that it was the duty of the servants of defendant in charge of the car to hold it at a stop a reasonable time for plaintiff to alight therefrom in safety, and if the jury found that defendant's servants in charge of the car failed to do so, but negligently started the car while plaintiff was in the act of alighting and before she had alighted and before she had a reasonable time, under all the circumstances in evidence, to alight in safety, and that by reason of such car being so started without any negligence on her own part, plaintiff was thrown to the ground and injured, then their verdict should be for plaintiff.

The usual and correct instruction as to the assessment of damages was given at the instance of plaintiff.

At the instance of the defendant an instruction to the jury to disregard the testimony of the physician as to the value of his services was given. The jury were further told at the instance of defendant, that if they found that plaintiff attempted to alight from the car while it was in motion and before it had come to a stop for the purpose of letting her off, she was not entitled to recover. The usual instruction as to the credibility of witnesses was also given.

Two instructions asked by defendant were refused; one of them defining "reasonable care," and the other the meaning of "preponderance of evidence." In lieu of those asked by defendant, the court gave an instruction correctly defining "ordinary care," as mentioned in the instructions, and after telling the jury that the burthen of proof was on plaintiff to establish by a preponderance or the greater weight of evidence the facts necessary to a verdict, correctly instructed as to the meaning of "burthen of proof" and "preponderance of evidence." The court also instructed as to the number of jurors necessary to concur in a verdict.

During the argument of counsel for plaintiff, one of them indulged in language which was objected to by counsel for the defendant and the objection sustained. Counsel for plaintiff then made another statement to which counsel for defendant objected. The court overruled the objection and defendant excepted. Further along in his argument counsel for plaintiff called attention to the "insinuating questions," as he called them, that had been asked plaintiff by counsel for defendant, going to impeach her character, and started in to say that "after that dastardly attempt—" when counsel for defendant objected. Whereupon counsel for plaintiff said, "The statement is justified. You didn't put on any evidence to justify those questions," and after some exchange of words between the counsel, the court said, referring to the remarks of counsel for the plaintiff, "Counsel is strictly in the record on the evidence. He may proceed. . . . The argument is justified by the questions you asked the plaintiff." This was excepted to and counsel for plaintiff proceeded with his argument, saying, "I will leave it to you gentlemen to determine what was the object of those questions put to the plaintiff by Mr. Arnold. There could have been no other object, and yet the defendant has not brought forward any witness to impeach the character of this woman." There was no exception or objection to this.

Counsel endeavor to bring this case within the decision of the Supreme Court in the cases of Schmidt v. Transit Co., 140 Mo. App. 182, 120 S. W. 96; Smith v. Hardesty, 31 Mo. 411, l. c. 412; Hof v. St. Louis Transit Co., 213 Mo. 445, l. c. 468-69, 111 S. W. 1166; Krehmeyer v. Transit Co., 220 Mo. 639, l. c. 668, 120 S. W. 78; Magrane v. St. Louis & S. R. Co., 183 Mo. 119, 81 S. W. 1158; Gibler v. Terminal R. R. Ass'n, 203 Mo. 208, 101 S. W. 37. The two latter cases are referred to in support of the proposition that the

instruction given at the instance of plaintiff did not define the degree of care defendant owed plaintiff. We cannot agree that this case falls within the decisions of any of these cases. Our Supreme Court, in the case of McGee v. Wabash R. Co., 214 Mo. 530, 114 S. W. 33, remarks: "No two negligence cases are alike and in writing the law of negligence care should be taken to avoid generalization by general rules. This is so because the law of negligence adjusts itself to do justice in every particular case according to the circumstances." Bearing this in mind, we remark, that we have very recently gone over the law as applied to the stopping of street cars for the purpose of allowing passengers to alight, in the case of Monroe v. United Railways Company, decided at this term, 154 Mo. App. 39, — S. W.—. It is only necessary to say in addition to what we there said on this matter and as applicable to the case at bar, that when a street car is stopped at the usual stopping place for passengers to alight, the mere act of stopping there is an invitation to alight and it is negligence for the servants and employees of the company to start the car in motion after it has stopped, without using every reasonable precaution to see that no passengers are in the act of alighting or about to enter, until they have either safely alighted from or entered upon the car. It is also the established law of this state that if cars are stopped at an unusual place but those in charge of the car see passengers in the act of alighting, such persons in charge of the car have no right to start it until the passengers are safely landed. It goes without saying that no passenger has a right to attempt to alight from a car when it is moving, either before it has come to a stop, or after having come to a stop, it is again put in motion. In the case at bar this matter was properly submitted to the jury under proper instructions, and on contradictory evidence.

The jury found for the plaintiff. Its verdict is conclusive on us as to the main fact in the case, namely, that this plaintiff was in the act of stepping off of the car and was in sight of the motorman in charge of it when she was attempting to do so; that the car had stopped at its usual stopping place on the west side of the intersection of the streets; that it was "at rest," but that it was started before plaintiff had an opportunity to reach the ground; that by reason thereof plaintiff sustained the injuries for which she sued.

The learned counsel for the defendant contends, however, with great vigor, that the petition is fatally defective in that it states in both assignments of negligence, that the one assigned in each contributed to the accident. We have set out the substance of the petition. It was not demurred to, either by written pleading or orally; no motion in arrest of judgment was filed. We are therefore to consider the petition alone, without any regard to the evidence or even the instructions. If that petition states a good cause of action, however defectively, it is good after verdict. We do not, however, think that the petition in this case is even a defective statement of a cause of action. Its allegations are, first, a violation of the general duty of care, and second, a violation of the ordinance. In this respect it comes very closely within the rule of law announced in Deschner v. St. L. & M. R. Ry. Co., 200 Mo. 310 l. c. 334, 98 S. W. 737. It states two causes of negligence, both by defendant, either of which may have caused the accident. No third intervening cause appears. It distinctly negatives the idea of any contributory negligence upon the part of plaintiff, making two assignments of negligence by defendant. Plaintiff was not bound to say which of them in point of fact was the direct or sole cause of the injury. The two together might have caused it. In that case it could be truthfully and correctly pleaded that

each of them "contributed" to the injury. Both were the acts of the defendant. It might even be the case that the accident occurred from the act of the defendant, as averred, and from the act of some other person not disclosed. In such case the accident would be caused by the two parties; each of the parties would have "contributed" to the accident; either would be liable for the consequences. They would not even necessarily be joint feasors. Plaintiff would not be bound to sue both of them; she could sue and recover against either. This court, in the case of Schmidt v. Transit Co., supra, discussed and considered this very proposition, holding (l. c. 191) that one may have his action and recover against a defendant for its negligent breach of duty in case where the negligence of the defendant may not have been the sole cause of the injury—as where the negligence of two persons concur and thereby each contributes to the injury of a third. "In such circumstances," says Judge NORTONI, who delivered the opinion, "the injured person may have his action against either defendant, even though its negligence was not the sole cause of the injury. A recovery is allowed and sustained in such cases when defendant's negligence contributes proximately, even though it is not the sole cause of the plaintiff's hurt. . . . It is likewise true that a plaintiff, being without fault on his part, may have an action and recover against a defendant whose negligence is not the sole cause of injury, if the negligent act complained of concurs with an accidental cause and operates proximately to the injury of another." Furthermore, in the case at bar the instruction given at the instance of plaintiff distinctly confined the jury to the consideration of the one fact of the cause of the injuries sustained; that they were caused solely by reason of the car being started, and without any negligence on the part of plaintiff. This case is not one arising over

misdirection—it rests, so far as this point is concerned, solely on the petition. It is not within either the Hof or Krehmeyer cases, nor the other cases relied on by the learned counsel for the appellant.

The instructions asked and refused were properly refused; the court correctly covered the same propositions in instructions given at its own motion.

Touching the assignment of error growing out of the argument of counsel, it is sufficient to say that we find no error whatever in the action of the trial court. We are aware of no rule of practice or of any law which requires the court, in passing on objections to the remarks of counsel in the course of the argument, to put into writing its remarks bringing counsel within proper bounds. Reading over the record in the case, we are led to say that the remarks of counsel for plaintiff which are excepted to, were fully justified by the line of cross-examination indulged in by the counsel for the defendant toward the plaintiff; what the court said was drawn out by the counsel for defendant himself.

We find no reversible error in the record in this case. The judgment of the circuit court is affirmed. *Nortoni, J.,* and *Caulfield, J.,* concur.