## ST. LOUIS CARBONATING & MANUFACTURING CO., Appellant, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Respondent.

**St. Louis Court of Appeals, December 5, 1911.**

1. **STREET RAILWAYS: Persons Driving in Track: Duty of Street Railway.** At common law, the duty is cast upon a street railway company to exercise ordinary care to look out for the safety of persons seen to be driving on its tracks in a public street in front of one of its cars, or who are so driving where they may be observed by the operatives of the car by exercising ordinary care.

2. ————: **Injury to Person Driving in Track: Failure of Motorman to Keep Lookout: Sufficiency of Evidence.** In an action for damages sustained in a collision between a street car and plaintiff's buggy, where it was shown that the buggy had moved on the track at a jog trot for about two blocks, and when it suddenly stopped, was struck by a street car which approached from the rear at a speed of about eight miles per hour, evidence that that rate of speed was maintained up to the point of collision and that the gong was not sounded warranted an inference that the motorman failed to exercise ordinary care to observe the buggy.

3. ————: ————: ————: **Contributory Negligence.** Where a portion of a street on which a street railway was operated was rendered impassible by an obstruction, the driver of a buggy was not negligent as a matter of law in driving on the track until the obstruction was passed, since he had a right to assume that the gong on a car approaching from the rear would be sounded in time for him to arrange for the passing of the car.

4. ————: ————: ————: ————. While neither a person driving a vehicle along a street nor a street railway company has a superior right to use the street, and both are required to exercise ordinary care to prevent a collision, yet where a driver is driving in front and in full view of a motorman, the law casts upon the latter the duty of warning the driver of impending peril, and a recovery will not be denied the driver on the ground of contributory negligence as a matter of law, unless such warning was given.

5. **NEGLIGENCE: Concurrent Negligence: Proximate Cause.** Where an injury would not have occurred but for the negligence of the defendant, such negligence is viewed by the law

as the proximate cause of the injury, justifying a recovery against the defendant, although it contributed with an independent cause or the negligence of a third person in producing the injury.

6. **STREET RAILWAYS: Injury to Person Driving in Track: Act of Third Person: Proximate Cause.** Plaintiff's buggy, which, while passing obstructions, had been driven for about two blocks in a street railway track, was suddenly stopped in order to prevent its running upon a person who had stepped into the street immediately in front of it. The buggy was struck by a street car which approached· from the rear at a speed of about eight miles per hour. The motorman did not sound the gong nor reduce the speed of the car prior to the collision. *Held*, that the act of the man in stepping in front of the buggy was not the proximate cause of the collision but was, at most, a concurring or contributing cause, which commingled with defendant's negligence, and, therefore, that the case was one for the jury.

7. ———: ———: ———: **Duty of Motorman.** Where a person is driving in a street railway track in front of an approaching car, the motorman of the car should anticipate, as within the range of reasonable probability, that something may occur to cause a sudden stoppage of the vehicle, and should regulate the speed of the car accordingly.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Williams*, Judge.

REVERSED AND REMANDED.

*Holmes, Blair & Koerner* and *William K. Koerner* for appellant.

(1) A demurrer to the evidence admits as true every fact which the testimony tends to prove, and' every inference which may be reasonably drawn therefrom. .Kinlen v. Railroad, 216 Mo. 145, 155. (2) The court erred in directing a verdict for defendant: (a) The evidence tended to show that defendant's motorman was negligent in failing to stop, check or control his car so as to avoid running into plaintiff's buggy, Shafstette v. Railroad, 175 Mo. 142; Latson v. Transit Co., 192 Mo. 449; Storage, etc. Co. v. Transit Co., 120

Mo. App. 410. (b) The evidence tended to show that defendant's motorman was negligent in failing to sound a gong or give other warning of the car's approach as it neared plaintiff's buggy. Grocery Co. v. Railroad, 89 Mo. App. 396; Noll v. Transit Co., 100 Mo. App. 367; Storage, etc. Co. v. Transit Co., 120 Mo. App. 410; Schmidt v. Railroad, 163 Mo. 645; Cytron v. Transit Co., 205 Mo. 692. (c) The evidence tended to show that defendant's motorman was negligent in that he failed to keep a vigilant watch for vehicles on track ahead of him. Latson v. Transit Co., 192 Mo. 449. (d) The evidence tended to show that defendant's motorman operated his car at excessive and negligent speed under the existing conditions. Cytron v. Transit Co., 205 Mo. 716. (e) The evidence tended to show that defendant's motorman failed to stop or check his car when he saw the dangerous position of plaintiff's buggy. Latson v. Transit Co., 192 Mo. 449; Cytron v. Transit Co., 205 Mo. 692. (3) There is no evidence of contributory negligence on the part of plaintiff's president who was in charge of the buggy. Latson v. Transit Co., 192 Mo. 449; Shafstette v. Railroad, 175 Mo. 142; Grocery Co. v. Railroad, 89 Mo. App. 391; Noll v. Transit Co., 100 Mo. App. 367; Storage, etc. Co. v. Transit Co., 120 Mo. App. 410. (4) The issue of defendant's failure to ring the bell is in its nature subject to negative proof only. In such case negative evidence is competent and its value is for the jury, not the court, to determine. Stotler v. Railroad, 200 Mo. 138.

*Boyle & Priest* and *W. Blodgett Priest,* for respondent, filed argument.

NORTONI, J.—This is a suit for damages accrued to plaintiff through the alleged negligence of defendant. At the conclusion of the evidence for plain-

tiff, the court directed a verdict for defendant, and plaintiff prosecutes the appeal.

Plaintiff is an incorporated manufacturing company, doing business in St. Louis, and defendant is an incorporated railroad company which owns and operates a street car system in the public streets of the same city. The grievance complained of relates to a collision of one of defendant's street cars with a buggy or carriage owned by plaintiff, which at the time was being driven along Easton avenue, a public thoroughfare of the city, on which defendant owns and operates one of the lines of its railroad. The president of plaintiff company was driving its horse and storm buggy eastward on Easton avenue about 5:30 o'clock in the afternoon and in broad daylight when defendant's street car collided with the rear of the buggy and occasioned the damage sued for. It appears Mr. McCloskey, president of plaintiff company, had been driving along Easton avenue for as much as two blocks immediately before the collision occurred. He drove into that thoroughfare from another street and turned to the eastward on Easton avenue. Along the south side of Easton avenue and adjacent to the curb, arrangements were being made to the end of laying water pipes and, besides some excavations, large water pipes to be utilized were lying in the street. These pipes were about eighteen inches in diameter and occupied a considerable space. Because of them, Mr. McCloskey was compelled to drive with the two north wheels of his buggy inside of defendant's south track, while the others traveled south thereof. The horse attached to the buggy was moving forward in a jog trot in the street immediately south of the south rail of defendant's track and had so continued for about two blocks at the time the collision occurred. As before stated, McCloskey was driving eastward, and upon approaching a point at or about 31st street, an old gentleman suddenly stepped forward from the

curb, immediately in front of the horse, so as to occasion the driver to veer it to the northward for the purpose of preventing an injury. This unexpected movement of the old gentleman immediately in front of the horse occasioned a sudden checking of the speed or stoppage of the buggy and instantaneously therewith defendant's street car ran upon it with great force. As a result of the collision, the buggy was thrown to the northward, overturned and almost demolished, and plaintiff's horse was precipitated forward with such violence and force as to inflict serious injuries upon it. Notwithstanding the collision, the street car traveled twice its length to the eastward before the motorman was able to stop it.

The specifications of negligence relied upon in the petition go to the effect that defendant's agents and employees in charge of the car negligently and carelessly ran and operated it at a high and dangerous rate of speed and failed and omitted to ring a bell, sound a gong, or give other warning of the approach of the car as it neared plaintiff's buggy; second, that the agents and employees in charge of the car negligently failed to keep a vigilant watch for vehicles on the track or traveling in close proximity thereto, and, furthermore, that they negligently failed to stop or check the car so as to avoid colliding with the buggy, after they saw, or by exercising ordinary care might have seen, its situation of peril.

There is no evidence whatever tending to show in what distance the car might have been stopped, but the record abounds with proof tending to show negligence on the part of defendant in other respects. The evidence tends to prove that no bell, gong or other alarm of the approach of the car was sounded, and there is direct proof that the car was running at eight miles per hour at the very instant the collision occurred. The facts and circumstances in evidence, too, tend to prove that those in charge of the car were re-

miss as to their duty with respect to keeping a vigilant watch for those driving upon the tracks. It is true the vigilant watch ordinance was not introduced in evidence, but, be this as it may, though the term "vigilant watch" is employed in the petition, we do not understand the allegation predicates on a breach of that ordinance, but, instead, the averment proceeds as at common law, for at common law the duty is cast upon defendant to exercise ordinary care by looking out for the safety of persons seen to be driving upon its tracks in a public street in front of the cars or for those who are so driving where they may be observed by the operatives of a car, exercising ordinary care to that end. The evidence tending to prove that no gong or other alarm of the car's approach was sounded, and that, notwithstanding the presence of the buggy on the south portion of the track, the rate of speed of the car was continued at eight miles per hour to the very point of collision suggests a strong inference to the effect that the motorman omitted to exercise ordinary care in making observations for those upon the track traveling in the same direction as that in which the car moved, for had such observations been made, it would seem that an ordinarily prudent man would check the speed and so control the car as to be able to stop it within less than twice its length after the collision occurred. It was broad daylight, the street was straight and open, and it appears plaintiff's buggy was in plain view of the motorman, as the car approached, for a distance of some two or three blocks. In circumstances such as here prevail, where a portion of the street is rendered impassable by the deposit of large water pipes therein, plaintiff's driver should not be declared negligent as a matter of law for driving eastward upon the tracks two or three blocks and at least until the obstruction was passed. We say this in view of the fact that no gong or alarm was sounded upon the car, for the driver

had a right to assume that defendant would observe its duty in respect of that matter in time to have enabled him to arrange for the passing of the car. [American Storage, etc. Co. v. St. Louis Transit Co., 120 Mo. App. 410, 97 S. W. 184; Conrad Gro. Co. v. St. Louis & Meramec River R. Co., 89 Mo. App. 391.] As to persons thus occupying a public street, neither has a superior right and both are required to exercise ordinary care to prevent a collision. But in cases such as this, where the one is driving in front of and in full view of the other, the law casts the duty upon the one in the better position to observe the probability of injury he is about to inflict to first warn the other of impending peril, before a right of recovery may be denied as a matter of law on the grounds of the negligence of the injured party. [Latson v. St. Louis Transit Co., 192 Mo. 449, 91 S. W. 109; Schafstette v. St. Louis & Meramec River R. Co., 175 Mo. 142, 74 S. W. 826; Conrad Gro. Co. v. St. Louis & Meramec River R. Co., 89 Mo. App. 391.]

But it is argued that, though it appears defendant's motorman was negligent, plaintiff is not entitled to recover here because the proximate cause of the collision was the unexpected act of the old gentleman who suddenly walked from the curb before plaintiff's horse and occasioned the sudden stoppage of the buggy in front of the car. If it appeared that the car was running at the time at a very slight rate of speed and could not be checked immediately though an effort to do so was put forward, the argument would inhere with considerable force, for then the sudden stoppage of the buggy in front of the car, occasioned as it was by a fortuitous circumstance or the happening of an unexpected event, would no doubt introduce the element which attends the conduct of a wholly independent actor and operates directly to occasion an injury so as to remove defendant's fault, if any, to a position of remoteness in the chain of causation. In such circum-

stances, the omission to ring the gong, though a breach of duty on the part of defendant, might be regarded as a remote, and the act of the old gentleman in walking immediately in front of the horse and causing the stoppage of the buggy as the proximate, cause of the injury, provided it appeared conclusively that the car, though managed with due care and slight speed, could not have been stopped and the collision averted after the stoppage of the buggy. But not so here, for it appears the act of the old gentleman in walking immediately in front of the buggy was either the happening of an unexpected event, introducing the element of accident which did no more than concur with defendant's fault in inducing the injury, or it may be that the act of the old gentleman was careless or negligent when considered from the standpoint of plaintiff in view of the approaching car immediately behind the buggy, and, if so, such negligence did no more than concur with that of the motorman in causing the collision. In either event, defendant's liability obtains. Though defendant's negligence is not the sole cause of the injury, it may be liable therefor if it did no more than concur and contribute in part directly with an accident which contributed in part thereto as well. [Brennan v. City of St. Louis, 92 Mo. 482, 2 S. W. 481; Schmidt v. St. Louis Transit Co., 140 Mo. App. 182, 120 S. W. 96.] The same is true if it appears the negligence of defendant concurred and contributed directly with the negligent act of an independent actor, or third party, which, operating together, occasioned the injury. [See Miller v. United Railways Co., 155 Mo. App. 528, 134 S. W. 1045; Schmidt v. St. Louis Transit Co., 140 Mo. App. 182, 120 S. W. 96.] And we believe it is true in every case where it appears the injury would not have occurred but for the omission of defendant to observe due care that such negligence is viewed in the eye of the law as a proximate cause of the injury, though it concurs

and commingles with an independent cause as well, which contributes in part thereto. [See Miller v. United Railways Co., 155 Mo. App. 528, 134 S. W. 1045; Gratiot St. Warehouse Co. v. Missouri, K. & T. R. Co., 124 Mo. App. 545, 102 S. W. 11.] Besides the omission to sound the gong and other matters above mentioned, it appears that the motorman was derelict in his duty with respect to controlling the speed of the car when plaintiff's buggy was on the track immediately before him, for a reasonably prudent person should anticipate as within the range of reasonable probability, considering the use of a public thoroughfare, that something might occur to cause a sudden stoppage of the vehicle, as here. In this view, it is clear that the collision would not have occurred but for the fault of defendant's motorman, and this is true whether the sudden stoppage of the buggy be regarded as occasioned by the intervention of an accidental cause on the track or the negligent act of the old gentleman. Obviously, we may not say that the act of the old gentleman in walking in front of the horse was either the sole cause of the collision or the proximate cause thereof in the sense essential to remove the fault of defendant to the position of remoteness in the chain of causation. The case appears to be one for the jury. The judgment should be reversed and the cause remanded. *Reynolds, P. J.,* and *Caulfield, J.,* concur.