ANTON W. LUECKE, Respondent, v. UNITED RAIL-WAYS COMPANY of St. Louis, Appellant.

St. Louis Court of Appeals. Argued and Submitted December 7, 1909. Opinion filed January 4, 1910.

NEGLIGENCE: Contributory Negligence: Instructions: Authorizing Recovery if Negligence "Contributed to Cause" Not Reversible Error, When. In an action for personal injuries, an instruction which permits the jury to find for plaintiff, if they believe the negligence therein hypothesized "directly contributed" to cause his injuries, is not prejudicially erroneous, where other instructions given distinctly and specifically limit and confine the jury to the acts of negligence alleged in the petition, there being no evidence tending to show plaintiff was guilty of negligence contributing to his injury.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

AFFIRMED.

*Glendy B. Arnold* and *Boyle & Priest* for appellant.

Plaintiff's second and third instructions are erroneous because of the use of the words, "directly contributed" in each of said instructions. Schmidt v. Transit Co., 120 S. W. 96; Wilson v. Rys., (not reported); Hof v. Transit Co., 213 Mo. 445; Krehmeyer v. Transit Co., 120 S. W. 78.

*L. Frank Ottofy* for respondent.

(1) The instructions, as a whole, confined the jury strictly to the charges of negligence submitted by the instructions, and, hence, the jury could not have been mis-

led into the error of construing the terms "directly con-
tributed" in the instructions complained of, as a roving
commission, allowing it to conjecture upon any other
charges of negligence than those contained in the in-
structions, being the same charges of negligence set out
in the amended petition in this case. And, therefore,
no error can be predicated upon the use of the words
"directly contributed" in the instructions, for they
clearly mean that one act of negligence charged must
have contributed to the other act of negligence charged.
Masterson v. Transit Co., 204 Mo. 507. (2) The defend-
ant in its refused instruction No. 8 being identical, ex-
cepting the concluding words, with instruction No. 2, of
which it complains, invited the error, if any, and cannot
now complain. Masterson v. Transit Co., 204 Mo. 507.
(3) The evidence showing in this case that another car
was passing in the opposite direction at the time of the
collision, this case is really not controlled by the de-
cisions in the Hof and Krehmeyer cases but by another
principle laid down by this court in Fleddermann v.
Transit Co., 134 Mo. App. 109; Schmidt v. Transit Co.,
120 S. W. 96. (4) There is no error in this record
against the appellant and materially affecting the merits
of the action. The judgment is for the right party and
ought to be affirmed. R. S. 1899, sec. 865.


STATEMENT.—This is an action by plaintiff for the
recovery of damages alleged to have been sustained by
him by reason of a car of the defendant colliding with
him, his buggy and horse, on Delmar boulevard, between
Skinker road and the Wabash railroad tracks, in the
city of St. Louis. It is averred in the petition, first,
that the collision was the result of the negligence of de-
fendant's motorman in charge of the car, in running it
at a rate of speed in excess of that permitted· by an
ordinance of the city which limits the maximum speed
of cars at the place of collision to fifteen miles per hour;
second, failure to give plaintiff warning of the approach

of the car; third, failure to use ordinary care in discovering plaintiff's peril, and avoiding the collision by stopping the car after the motorman saw, or by ordinary care could have seen, plaintiff's perilous situation on or near the track. Damages are claimed in the amount of forty-two hundred dollars.

The answer was a general denial, accompanied by the plea of contributory negligence in driving on the track immediately in front of a moving car.

On a trial before the court and jury, evidence in the case was given on the part of plaintiff tending to sustain the allegations in his petition. On the part of defendant there was evidence tending to show that the motorman did not see plaintiff until it was too late to stop the car; that the car was going at about ten or eleven miles an hour, and because of the darkness of the night and confusion in his vision by reason of being required to keep the front door of the car open, a light was thrown from the door in such a manner as to prevent the motorman from discovering plaintiff and that immediately upon the discovery of the plaintiff, the motorman did everything in his power to avoid the collision.

At the instance of plaintiff the court gave two instructions marked, "Plaintiff's Instructions, 2 and 3." At its own instance the court gave instructions marked, "Court's Instructions, No. 1 and No. 2." At the instance of the defendant the court gave instructions marked, "Nos. 1, 2 and 3." Defendant asked an instruction marked, "No. 8," which the court refused to give. The instructions referred to are substantially as follows: Plaintiff's No. 1 told the jury that if they found from the evidence that on the day named, plaintiff was walking upon or in close proximity to the tracks in a position of peril or in danger of being struck by a car operated on defendant's railway and that the motorman by the exercise of reasonable care and diligence could have discovered the peril in which plaintiff was placed in time to have avoided the injury and that the motorman

negligently and carelessly failed to stop the car after the peril was seen by him, or that by the exercise of reasonable care the motorman could have seen the plaintiff and have avoided the injury, with the means and appliances at his command and with safety to passengers, and that the collision between the car of the defendant and the buggy occurred by reason of such negligence on the part of the motorman, the finding should be for the plaintiff.

The second instruction given at the instance of plaintiff is as follows:

"2. The court instructs the jury that even though you should find from the evidence that the defendant's motorman, after he saw the perilous position of the plaintiff, used all the means at his command to stop the said car in time to avoid injuring the plaintiff, yet if you also find that the said car was running at a speed in excess of fifteen miles an hour, and that such rate of speed in excess of fifteen miles an hour directly contributed to the collision, if any, and if you further find that the plaintiff was exercising ordinary care while he was upon or in close proximity to the tracks of the defendant at and immediately prior to the time when he was struck by the defendant's said car, then your verdict should be for the plaintiff."

The third instruction given at the instance of plaintiff is based upon the alleged failure of the motorman to sound a gong or a warning signal, and concludes in this language: "and if you find that the failure to sound a gong or warning signal directly contributed to the injury of plaintiff, if any, and if you further find that said car struck plaintiff while he was in such position, and while plaintiff himself was in the exercise of reasonable and ordinary care, and that he was injured as the direct result of such negligence, if any, of said motorman, then your verdict should be for the plaintiff."

The first instruction given by the court at its own motion, in substance, told the jury that if it believed

from the evidence that the injury of the plaintiff was caused by the joint, mutual and concurring negligence of plaintiff and defendant's motorman and that the negligence of neither without the concurrence of the negligence of the other would have caused the injury, plaintiff was not entitled to recover, unless the jury further found "that after plaintiff by his own negligence, had been placed in a position of peril, the motorman of defendant's car either discovered, or by the exercise of ordinary care could have discovered, such peril in time to have stopped said car and avoided such injury, with the means and appliances at hand, and without danger to the passengers upon said car, as in other instructions more fully defined."

The second instruction given by the court at its own motion is as follows:

"2.    If you believe from the evidence in this case that the plaintiff could by the exercise of ordinary care have seen or heard the car in time to have stepped off of the track and into a place of safety before the collision occurred, and that he failed to do so, and that such failure on his part directly contributed with the alleged negligence of the motorman submitted to you by other instructions, if you find that the motorman was guilty of negligence as submitted, and that but for the failure of plaintiff to exercise ordinary care in discovering the approaching car and getting out of its way, he would not have been injured, then your verdict must be for the defendant (amendment) 'unless you further find from such evidence that said motorman either knew, or by the exercise of ordinary care would have discovered, plaintiff's peril in time to have averted the collision, and that he negligently failed to stop said car, as in the other instructions more fully defined.' "

The defendant asked three instructions which the court gave as follows:

"1.    The court instructs the jury that if you believe from the evidence in this case that the plaintiff drove or

led his wagon on defendant's track immediately in front of the moving car and so close thereto that the motorman in charge of said car could not, by the exercise of ordinary care in the operation of said car, have avoided said collision, then the plaintiff is not entitled to recover and your verdict will be for the defendant.

"2.   The court instructs the jury that plaintiff is not entitled to recover in this case for any injuries of his eye sight or any loss of memory, nor any damages for nursing he may have sustained as a result of said injuries.

"3.   The court instructs the jury that the plaintiff's right to recover in this case is confined strictly to the charges of negligence submitted to you by these instructions, and the plaintiff is not entitled to a verdict for any other alleged act of negligence on the part of the servant in charge of or operating said car than those acts of negligence submitted for your consideration herein."

The defendant also asked eight other instructions, all of which were refused.   The eighth instruction refused is as follows:

"8.   If you believe from the evidence in this case that the plaintiff could, by the exercise of ordinary care, have seen or heard the car in time to have stepped off of the track and into a place of safety before the collision occurred, and that he failed to do so, and that such failure on his part directly contributed with the alleged negligence of the motorman submitted to you by other instructions, if you find that the motorman was guilty of negligence as submitted, and that but for the failure of plaintiff to exercise ordinary care in discovering the approaching car and getting out of its way, he would not have been injured, then your verdict must be for the defendant."

In addition to these instructions, the court instructed the jury that it was the sole judge of the credibility of the witnesses, defined ordinary care and instructed as to the measure of damages and the number

of jurors necessary to concur in a verdict. Defendant duly excepted to the giving and refusal of instructions and a verdict having been returned in favor of plaintiff, signed by ten of the jurors, in the sum of $1650, defendant filed its motion for new trial. This was overruled, exception duly saved, judgment for the amount of the verdict entered and an appeal perfected to this court by the defendant.

REYNOLDS, P. J. (after stating the facts).—The sole ground of error assigned and relied upon in this court by counsel for defendant is as to the giving of the plaintiff's second and third instructions, it being argued that the use of the words, "directly contributed," contained in each of said instructions, was erroneous in the light of the decisions of this court in Schmidt v. St. Louis Transit Co., 140 Mo. App. 182, 120 S. W. 96; Wilson v. United Railways Co., 142 Mo. App. 676, 121 S. W. 1083, and of the Supreme Court in Hof v. Transit Co., 213 Mo. 445 and Krehmeyer v. St. Louis Transit Co., 220 Mo. 639, 120 S. W. 78. Reading the record of the evidence in the case in connection with the pleadings, and construing the instructions as a whole, we do not think that this case comes within the decision of the Supreme Court in the Krehmeyer case, which is really the deciding case, although that case is founded, so far as this point is concerned, mainly upon the Hof case. The Schmidt and Wilson cases follow the Hof and Krehmeyer cases.

There are substantially three charges of negligence set out in the petition: First, failure to sound the gong or warning signal; second, failure to keep a proper lookout; third, violation of the speed ordinance. The court expressly directed the jury, in the third instruction given at the instance of the defendant, that the plaintiff's right to recover in the case "is confined strictly to the charges of negligence submitted to you by

these instructions, and the plaintiff is not entitled to a verdict for any other alleged act of negligence on the part of the servant in charge of or operating said car than those acts of negligence submitted for your consideration herein." In the Wilson case, the harmful use of the words "directly contributed," was not overcome by other instructions given. In the Schmidt case the last chance doctrine was not involved; here it is, as well as violation of the speed ordinance. It is true that in instructions 2 and 3 given at the instance of plaintiff, the court used the words condemned in the Krehmeyer case, that is to say, "directly contributed," but we think that consideration of the instructions taken as a whole, and of the pleadings and facts in evidence, and that must always be done, the error of the use of these words condemned in the Hof and Krehmeyer cases is not present in this case. The instructions in the Hof case were criticised because these terms, "directly contributed," had been used and because the court said that under the instructions given, the jury might well have found, and doubtless did find, "that plaintiff was not guilty of contributory negligence, but that he was injured by the concurring negligence of the servants in charge of the car, and some unknown cause not stated in the petition or shown by the evidence." . . . "In other words," says the court, "there is nothing in the instruction which told the jury that before they could find for plaintiff they must first find that its negligence caused the injury. . . . Nor does the instruction limit the jury to a consideration of the acts of negligence stated in the petition, but leaves them to wander into the unknown field of speculation to find out, if possible, what fact it was that must have existed that contributed to defendant's negligence which caused the injury." That does not meet the facts in this case. In the majority opinion in the Krehmeyer case, after discussing Brennan v. City of St. Louis, 92 Mo. 482, and Zeis v. Brewing Assn., 205 Mo. 638, it is said: "As

before stated, in each and every one of those cases the pleadings, evidence and instructions showed that the plaintiff was injured as the result, either of the concurring negligence of the defendant therein with that of some third person, or as the result of some independent cause, to which defendant's negligence contributed; but in this case the pleadings, evidence, and instructions are silent upon that question, and left the jury in the dark to speculate and conjecture as to what the contributing cause was, if any, which contributed to appellant's negligence, which resulted in respondent's injury. . . . Now, bearing in mind the issues joined by the pleadings and the evidence which was introduced on each side, which tended to support the petition and the answer, and the total failure of the evidence to show any other contributing cause to respondent's injury except his own contributing negligence, . . . (was wrong) for the reason that under the evidence there could have been no other cause which 'directly contributed to cause said collision,' except the contributing negligence of the plaintiff himself. That being unquestionably true, then we have an instruction telling the jury in one clause that the plaintiff must exercise reasonable care for his own safety, and in the next, practically telling them that if his own negligence (because there was no other shown), 'directly contributed to cause said collision' and injury, then they would find for the respondent. . . . Who can say the jury did not find and believe that the concurring negligence of plaintiffs and defendant caused the injury?" Judge GRAVES, in his concurring opinion in the Krehmeyer case, says: "In the use of the words 'contributed to cause' in an instruction they should always be so safeguarded as to exclude the idea that the concurring negligence of plaintiff and defendant will permit a recovery."

In the case at bar, we think that this requirement of the court in the Krehmeyer case, which is the test, was fully met. The jury were distinctly confined to the

causes of the accident as set out in the petition and were distinctly confined to those causes, so that they were not left to wander in the indefinite and cloudy realms of speculation to hunt out the cause of the accident, the sole causes in this case, for there are three allegations of negligence, either of which, if proven, was sufficient to render the defendant liable, and they were specifically set out.

Plaintiff had a right to recover if any one of them was proven, he being free from negligence. To have told the jury, under this state of facts and of the pleadings, that they must find that only one of them or any one of them directly caused the accident, would have eliminated all the others and would have been error. We place our action in this case upon the sole and distinct ground that while the words "directly contributed," are used in two or more of the instructions, other instructions which were given corrected this and so distinctly and so specifically limited and confined the jury to the acts of negligence alleged in the petition, that we think that the use of these words was harmless error and could not have misled the jury, and that the decisions in the Krehmeyer and other cases do not compel a reversal. We may further add that another feature of this case which brings it outside of the decisions in the Hof and Krehmeyer cases and cases following those, is the entire absence of any testimony tending to show any negligence whatever on the part of the plaintiff which even in the most remote manner can be said to have contributed to the injury sustained. The most careful reading of the abstract presented shows this. At the time of the accident, plaintiff was outside of his buggy, leading the horse across or around a mudhole when the car of the defendant ran into the rear of the buggy and inflicted the damage.

The judgment of the circuit court is affirmed. All concur.