SARAH M. GARRETT, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, July 15, 1911.

1. **RAILROADS: Injury to Person on Track: Permissive Use of Way: License.** Where a strip between railroad tracks had been used by the public for many years as a footwalk, with the company's knowledge and consent, one so using it was not a trespasser, especially where he was compelled to use it to cross the track because of the unlawful obstruction of a public street by a train of cars.

2. ———: ———: **Contributory Negligence: Right to Rely on Signals Being Given.** One who was struck and killed by a railroad train which gave no signals of its approach should not be held guilty of contributory negligence as a matter of law in walking some distance in a licensed way, between the track on which he was killed and a side track, although a train was standing on the side track and the space between that train and the one passing on the other track was only four feet in width, since decedent had a right to rely upon the railroad company's giving the warning required by law.

3. ———: ———: ———: **Estoppel.** A railroad company, through its unlawful obstruction of street crossings by a freight train, caused one desiring to cross the track to walk in a licensed way between the main track and a siding in order to get to another crossing. While he was so walking, the freight train commenced to slowly move on the siding, and a passenger train approached on the main track, running at sixty miles per hour, or more, although the maximum speed permitted by ordinance was twenty miles per hour. The pedestrian was not aware of the approach of the passenger train until it was from one hundred to one hundred and fifty feet away, and then stepped in front of it, in an endeavor to escape, and was struck and killed. The space between passing trains on the two tracks was four feet wide. *Held,* that the railroad company having, through its unlawful acts, created the dangerous situation from which decedent was bound to extricate himself as best he could, was estopped from asserting that, as a matter of law, he omitted to act as a prudent person would have acted after reflection, and, instead, made that question one for the jury.

4. ———: ———: ———: **Question for Jury.** In an action against a railroad company for the death of one struck while using a railroad right of way as a licensee, whether decedent was guilty of contributory negligence *held* a jury question.

5. **NEGLIGENCE: Contributory Negligence: Impending Peril: Carriers of Passengers.** An act done by a railroad passenger in the face of impending peril, caused by the company's negligence, in order to avoid injury is not contributory negligence as a matter of law, though it in fact contributes to the injury; and the rule is the same in case of negligence accidents generally, where the peril of the injured person is created by another's fault and the injured person is rightfully where he is.

6. ———: **Instructions: Submitting Negligence as Contributing Cause.** In an action for death negligently inflicted, where there was evidence to support the issue of contributory negligence, and, although several acts of negligence on the part of defendent were pleaded and proved, only one was submitted to the jury as a predicate of liability, it was reversible error to instruct the jury that they should find for plaintiff if they believed such negligence directly contributed to cause the death of decedent.

Appeal from Montgomery Circuit Court.—*Hon. J. D. Barnett,* Judge.

REVERSED AND REMANDED.

*J. L. Minnis, G. Pitman Smith, H. W. Johnson* and *Bates, Blodgett, Williams & Davis* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action, and the court erred in overruling defendant's objection, to the admission of any evidence; the petition showing contributory negligence of deceased and no allegation bringing the case within the humanitarian doctrine. Nivert v. Railroad, 135 S. W. 33; authorities cited under point 3. (2) The deceased was guilty of contributory negligence as a matter of law, in attempting to cross the main track without looking and listening for approaching trains, especially as the view was partially obstructed, or in knowingly crossing so close ahead of the train that he could not get over the track. Hook v. Railroad, 162 Mo. 569; Nivert v. Railroad, 135 S. W. 33. (3) Defendant's demurrer to the evidence at the close of plaintiff's case should have been sustained, and defendant's peremptory instruction to find for the defendant at the close of the whole case should have been given. It was reversible error to refuse either. (a) Deceased was guilty of contributory negligence as a matter of law. Peterson v. Railroad, 156 Mo. 552; Watson v. Railroad, 133 Mo. 246; Paul v. Railroad, 134 S. W. 3; cases cited under point 2. (b) Under the petition, plaintiff cannot recover on the humanitarian doctrine. Nivert v. Railroad, 135 S. W. 33; Grant v. Railroad, 125 Mo. App. 552. (c) Nor does the evidence bring this case within the humanitarian doctrine. Dey v. Railroad, 140 Mo. App. 461; Roenfeldt v. Railroad, 180 Mo. 554; Reis v. Transit Co., 179 Mo. 1; McGee v. Railroad, 214 Mo. 530; Paul v. Railroad, 134 S. W. 3. (4) It was reversible error for the court to give plaintiff's instructions, numbered one and two, because they authorized a verdict for the plaintiff, if defendant's negligence merely "contributed" to cause the death of plaintiff's

159 App.—5

husband and thus cut out entirely the defense of contributory negligence. Schmidt v. Transit Co., 140 Mo. App. 182; Hof v. Transit Co., 213 Mo. 445; Krehmeyer v. Transit Co., 220 Mo. 639.

*R. H. Norton, S. S. Nowlin, Ball & Ball* and *Avery, Young & Woolfolk* for respondent.

(1)   Where a person is injured by the negligence of another, an act done in the face of impending danger for the purpose of avoiding the injury will not amount to contributory negligence, although, in fact, it may have helped to produce the injury complained of. White on Personal Injuries on Railroads, sec. 806; Ladd v. Foster, 12 Sawy. (U. S.) 547, 31 Fed. 827; Railroad v. Cotton, 140 Ill. 486; Eckar v. Railroad, 57 Barb. 555.   (2)   Where one by negligence puts another under a reasonable apprehension of personal physical injury, and in a reasonable effort to escape from the the impending peril, the latter sustains a physical injury, a right of action arises to recover for the physical injury naturally incident to its occurrence.   1 White on Personal Injuries on Railroads, sec. 30; Tuttle v. Railroad, 49 Atl. 450; Caswell v. Railroad, 98 Mass. 194; Buell v. Railroad, 31 N. Y. 314.   (3)   The court did not err in giving plaintiff's instructions Nos. 1 and 2.   Leucke v. Railroad, 146 Mo. App. 500.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of the death of her husband through the wrongful, negligent act of defendant.   Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff's husband came to his death while walking upon defendant's railroad tracks in the village of Jonesburg, Missouri, through being run upon by defendant's east-bound passenger train.   Finding the public crossing obstructed by a freight train, decedent

was walking eastward from the depot along the tracks, to the end of crossing at another place, when defendant's eastbound passenger suddenly came upon him at a speed of from sixty to sixty-five miles per hour. It appears defendant's railroad tracks run through Jonesburg around a considerable curve and that its depot is at the apex of the curve and on the north side of the main line. There are two sidetracks at Jonesburg. One of them runs around the north side of defendant's depot and connects with its main line; the other, and principal, sidetrack lies immediately south of the main line and connects at either end with it. Plaintiff and her husband lived south of the depot in the village of Jonesburg and he was presumably en route home, at the time he was killed. A freight train from the eastward had pulled into the town of Jonesburg and entered upon the sidetrack south of the main line. This train stood there for about thirty minutes and obstructed the public street crossing immediately east of the depot. Plaintiff's husband, presumably en route home or at least to some place on the south side of the railroad, was prevented from crossing the railroad tracks on the street immediately east of the depot, because of defendant's freight train standing there. He thereupon walked to the eastward, as though he intended to cross to the south side of the tracks on the street crossing next east from that one near the depot. He walked eastward on the parcel of ground situate between defendant's main line and the south switch track on which the freight train was standing. Upon reaching the crossing next east from that at the depot, it too was obstructed by the same freight train, and decedent walked thence farther east as though he intended to cross the tracks at the next crossing, known as the mill crossing. The strip of land between the two tracks, on which plaintiff's husband thus walked eastward, is shown by the evidence to have been used

by the public as a walk, with the knowledge and consent
of defendant, for many years. Indeed, the   proof is
overwhelming to the effect that the public travel
passed up and down the railroad from one street to
another on the strip of ground between these two
tracks as though it were a commonly used sidewalk.
That plaintiff's husband and others were licensed to
so use that portion of defendant's right of way is
established beyond question.   After plaintiff's hus-
band had passed the first road crossing east from that
adjacent to the depot and while he was walking toward
the next one farther east as if to cross the track to
the southward there, the freight train on the side-
track commenced moving slowly to the westward and
about the same time defendant's fast passenger train
came suddenly around the curve from the depot at
the westward, running at a rate of speed from sixty
to sixty-five miles per hour.   Because of this curve
in the track and the long freight train on the sidetrack,
the view to the westward was obscured, so that one
occupying the position of plaintiff's   husband could
not see to the westward beyond the depot and observe
the approach of a train from that direction.   It is
shown that defendant's fast passenger train was be-
hind time and came into the town of Jonesburg and
around the curve at the depot without sounding either
the whistle or bell on the locomotive and first signaled
plaintiff's husband of its presence when it was from
one hundred to one hundred and fifty feet away.   At
the time the passenger train came into view from the
westward, plaintiff's husband was walking east in the
space   between   the sidetrack, on which the freight
train was slowly moving to the westward, and the
main track, on which the passenger train was approach-
ing eastward at high speed.   The space on which de-
ceased was walking, and on which the license to do so
obtained, is shown to be about nine feet in width from
rail to rail, but is reduced to four feet in width between

passing trains.   As the passenger train approached around the curve at the depot, two men on the slowly moving freight train hallooed at plaintiff's husband, as did a boy on the mill crossing just east of him, and all pointed toward the approaching passenger train. About the same time, the engineer on the passenger train discovered the peril of decedent and sounded the alarm, whereupon decedent moved "as fast as he could," "angling" across the main track in an effort to reach a place of safety.   Before he had gotten out of the way, the locomotive of the passenger train struck and killed him.

It is argued that the court should have directed a verdict for defendant on the ground of the contributory negligence of decedent,  but we do not accede to this view, for in view of all the facts, the question was for the jury.   To a proper consideration of the question of contributory negligence, the defendant's conduct must be scrutinized with care, as it relieves the situation for plaintiff.   Even the witnesses for defendant concede that defendant's passenger train was traveling nearly sixty miles an hour.   An ordinance of the village of Jonesburg forbade trains to be operated through the same at a rate of speed to exceed twenty miles per hour, and this ordinance is both counted upon in the petition and proved in the case. Defendant's locomotive engineer said on the witness stand that he was running at the time plaintiff's husband was killed, probably fifty-five miles per hour, or as fast as he could propel the locomotive with safety to the train.   The witnesses for plaintiff estimate the speed of the train to have been at from sixty to sixty-five miles per hour, and it is said neither the whistle nor the bell was sounded as it approached the town from the westward.   The counsel for defendant concede, both in oral argument and in the brief, that defendant's negligence as to the operation of the train

and the rate of speed is established in the case beyond question.

Another ordinance provision counted upon in the petition and proved in the case forbids the obstruction of any public street crossing in the village of Jonesburg for more than ten minutes by standing trains across the same. The evidence tends to prove that defendant's long freight train occupied the sidetrack, as above stated, for as much as thirty minutes before plaintiff's husband came to his death, and that it was because of this unlawful obstruction that he was compelled to walk eastward along the way commonly used by pedestrians between the tracks, seeking a means of crossing the same on other streets. While thus at a place where he had a right to be, because of the license shown in the case, plaintiff's husband was run upon and killed when seeking a place that he might cross defendant's railroad on a public street where it was not so unlawfully obstructed. From this it appears that it was defendant's unlawful act in the first instance, through obstructing the crossing, that occasioned decedent to pass to the eastward between the two tracks and to the place where defendant precipitated the dangers of a rapidly moving passenger train upon him without warning. In this view, no one can doubt that plaintiff's husband was not a trespasser but was rightfully on the tracks when he came to his death, and the only question for consideration touching the argument suggested relates to the matter of his exercising ordinary care for his own safety in the particular circumstances of the case, at the point of the collision. Decedent had a right to rely upon defendant's giving the warning which the law requires and he should not be declared guilty of contributory negligence as a matter of law for walking eastward from the depot on the licensed way, when it appears no such signals were given, and his conduct must be determined by reference to what occurred upon the

first notice of the approaching train. As the passenger train rapidly approached near the depot, two men on a freight and a boy at the mill crossing hallooed at the decedent and pointed to the danger. His sense of hearing was no doubt impeded by the moving freight train at his side but it appears that he looked and saw the train about the time the locomotive whistled an alarm. At this time, the train was from one hundred to one hundred and fifty feet distant and, acting under the excitement of the moment, decedent moved as fast as he could, "angling" across the track, as we understand, from the southwest to the northeast. The proof is that he was an old gentleman, aged about sixty-seven years, and rather feeble. He could not move fast but did the best he could. It is argued that because decedent went upon the track in the very face of an approaching passenger train he should be declared guilty of contributory negligence as a matter of law, for it is said he left a safe place to enter upon an unsafe one which occasioned his death. How it may be said that decedent was in a safe place between these two railroad tracks at the time in question, when the approach of the passenger train is considered, we are unable to perceive. Though the rails of the two tracks were about nine feet apart, the proof is there would be but four feet between the two trains when passing. The freight train was moving slowly to the westward and the passenger approaching one hundred feet away at sixty-five miles per hour. For a frail, feeble, old man to attempt to preserve his life while standing in this space of four feet during the interim that a long passenger train should pass at the rate of sixty-five miles per hour would be an extraordinary venture, indeed. The passing of such a train at such speed would resemble a hurricane for the moment. It is doubtful if one of ordinary care and prudence would undertake to withstand it and it seems that caution would suggest the escape which decedent

sought to make. Defendant having, through its unlaw-
ful acts, created this dangerous situation from which
plaintiff's husband was bound to extricate himself
as best he could, is estopped from asserting as a matter
of law that he omitted to exercise that degree of care
which a prudent person would have employed after
reflection and, instead, has rendered the question one
for the jury. The doctrine here adverted to we believe
is more frequently applied between passenger and car-
rier, for there are many cases which declare it. Indeed,
where a passenger is injured by the negligence of a car-
rier, an act done by the passenger in the face of impend-
ing danger for the purpose of avoiding the injury will
not be treated, as a matter of law, as contributory neg-
ligence on the part of the passenger, although it may
in fact have helped to produce the injury complained
of. Such is the universal rule of decision and it ob-
tains with us as well as elsewhere. [See Chitty v.
St. Louis, I. M. & S. R. Co., 148 Mo. 64, 49 S. W. 868;
McPeak v. Mo. Pac. R. Co., 128 Mo. 617, 30 S. W.
170; White, Personal Injuries, Sec. 806; Ladd v.
Foster, 12 Saw. (U. S.) 547; s. c. 31 Fed. 827.] Says
Lord Ellenborough in Jones v. Boyce, 1 Stark 493,
"If I place a man in such a situation that he must
adopt a perilous alternative, I am responsible for the
consequences." The principle thus stated is not con-
fined to cases where the relation of carrier and passenger
exists but obtains as well in other situations where the
peril of the injured person is created by the fault of
another while such injured person is rightfully on the
premises. The principle is illustrated in a case in
New York where a person lost his own life in rescuing
a child on a railroad track before a moving train.
The court declared that it would not say as a conclusion
of law that decedent was guilty of such rashness as
to defeat a recovery for his death although he ran
immediately in front of defendant's train being neg-
ligently operated in order to preserve the life of the

Garrett v. Railroad.

child. [See Eckert v. L. I. R. Co., 57 Barb. 555; s. c. 43 N. Y. 502.] There can be no doubt that defendant created the dangerous situation here through its unlawful acts and primarily occasioned plaintiff's husband to enter therein where it negligently rushed upon him the new and additional peril of a passenger train approaching at from sixty to sixty-five miles per hour. In such circumstances, the decedent is not to be condemned by the law as being guilty of contributory negligence for having made an error of judgment during the excitement of the moment which afforded no time for reflection. The matter was for the jury.

The instructions for plaintiff authorized a recovery for her if the jury found from the evidence that the locomotive and cars of the passenger train were run at a high and unlawful speed and that such conduct on the part of defendant directly contributed to cause the death of plaintiff's husband. The use of the word "contributed" in instructions in negligence cases such as this has been frequently condemned by the courts on the theory that the negligence for which one may recover must be the sole and proximate cause of the injury. In other words, instructions containing this word have been condemned when there are but two possible sources of negligence for consideration by the jury. If the question of defendant's negligence be under investigation on the one part and that of the plaintiff on the other, then plaintiff is not entitled to recover upon its appearing that defendant's negligence did no more than contribute to the injury, for such would authorize a recovery by plaintiff though his negligence contributed as well. We expounded the law on the question, as we understand it, in Schmidt v. St. Louis Transit Co., 140 Mo. App. 182, 120 S. W. 96.

There are several acts of negligence in this case which are set forth in the petition and proved at the

trial but not referred to in the instructions.  For instance, the negligent act of the defendant with respect to obstructing the street crossing was amply proved and is relied upon throughout the case but it was not submitted as a predicate of liability, but it was given to the jury, however, on the question of contributory negligence.  The failure to sound the alarm upon the train approaching the city was proved on the trial and it appears to be relied upon in the case but was not referred to the jury in the instructions as a specification upon which liability might attach. Had these several matters been treated by the instructions as contributing, the one with the other, to occasion the death of plaintiff's husband and referred to the jury for a finding to that effect, we might say that the word "contributed," so employed in the instructions, related to such different negligent acts which, when all added together, constituted the sum total of defendant's fault.  But as before stated, the word "contributed" in plaintiff's instructions cannot be regarded as referring to the other negligent acts mentioned, for they were not referred to the jury at all, and we cannot say, as was said in Luecke v. United Rys. Co., 146 Mo. App. 500, 126 S. W. 200, that there is no evidence tending to prove decedent was guilty of contributory negligence.  If it conclusively appeared there was no contributory negligence on the part of decedent, it might be said that the argument directed against the word "contributed" in plaintiff's instructions was without force, but such is not the case. Though it be true, as we have said above, that plaintiff's deceased husband may not be declared negligent as a matter of law on the facts disclosed, there is evidence tending to prove him careless of his own safety and that question should be submitted to the jury; that is to say, it is a question for the jury as to whether or not he acted with ordinary prudence in choosing to attempt to cross the railroad track in the face of

the approaching train or should have remained between the two trains and taken his chances.

In view of the question pertaining to the contributory negligence of decedent, the instructions above referred to must be condemned as reversible error, for such is the course of decision. [See Krehmeyer v. St. Louis Transit Co., 220 Mo. 639, 120 S. W. 78.] For the reason stated, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.*, and *Caulfield, J.*, concur.